Jones, Emmett & Weisberger, Otto Miller III, Cleveland, for plaintiff.

Merle M. Curdy, U. S. Atty., Cleveland for defendant.

## MEMORANDUM

**Lepo ELLIOTT, Plaintiff,**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. C 66-246.**

United States District Court
N. D. Ohio, E. D.

Dec. 28, 1967.

WILLIAM K. THOMAS, District Judge.

This action was filed for review of the Secretary of Health, Education and Welfare's determination that the plaintiff was not entitled to Social Security Disability Benefits. Plaintiff subsequently filed a motion to remand the case to the Secretary for the taking of further evidence. The motion was granted by this court on November 22, 1966. On remand the Secretary reversed his position and awarded Social Security Disability Benefits to the plaintiff retroactive to November, 1963. Plaintiff then filed a motion for partial summary judgment on the issue of whether he was "entitled to Social Security Benefits from a period of twelve (12) months preceding the filing of his application for Social Security Benefits

of August 28, 1962." The motion was denied by this court on October 24, 1967.

Plaintiff's attorney has presently filed a motion for attorney fees based upon Title 42 U.S.C. § 406(b) (1) (Supp. II 1965–66), which provides that:

> Whenever a court renders a judgment favorable to a claimant under this subchapter * * * the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits * * *.

The defendant Secretary has filed his opposition to the motion on the basis that "a judgment favorable to * * * [the] claimant" has not been rendered by this court.

The question is not without ambiguity. Under 20 C.F.R. § 404.976 (1967):

> An attorney * * * may upon petition therefor and good cause shown charge and receive such fee for services rendered in any proceeding under title II of the act before the Bureau of Old-Age and Survivors Insurance, or a hearing examiner, or the Appeals Council * * * as may be approved by such Bureau, hearing examiner, or Appeals Council, respectively * * *.

Yet apparently under this section an attorney may not be compensated for services rendered in federal court. This seems to be the meaning and effect of 20 C.F.R. § 404.974 (1967) which states:

> Any service rendered by any representative in connection with any proceeding before any State or Federal court shall not be considered services in any proceeding * * * for purposes of * * * § 404.976 * * *.

In any event, Title 42 U.S.C. 406(b) (1) (Supp. II 1965–66), supra, in using the term "a judgment favorable to a claimant" refers to a judgment on the merits of the controversy. See Chernock v. Gardner, 360 F.2d 257 (3d Cir. 1966).

Reviewing the history of this case, the court's previous order remanding the case to the Secretary for the taking of further evidence, entered upon the motion of the claimant, is not a judgment on the merits. Hence, such order does not constitute the rendering of a "judgment favorable to a claimant," the essential requirement to justify a judicial allowance of attorney fees.

Accordingly, plaintiff's attorney's motion for attorney fees is denied.