**Robert THOMAS, Plaintiff,**

**v.**

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**No. 91–K–967.**

United States District Court, D. Colorado.

Oct. 13, 1992.

Cynthia Rixley Scott, Holland & Hart, Denver, Colo., for plaintiff.

Chalk Mitchell, Asst. U.S. Atty., Denver, Colo., for defendant.

## MEMORANDUM DECISION ON APPEAL

KANE, Senior District Judge.

This matter is before me on plaintiff's application for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). Plaintiff seeks an original award of $3,573.75 and a supplemental award of $749.25. The latter represents time defending the fee application in this court. The government objects and asserts that plaintiff was not the prevailing party, that the position of the United States was substantially justified, or that I should award less than the full amount requested. It also suggests that I may not have jurisdiction to enter any fee award. I disagree with the government's analysis and therefore award the fees requested.

In my ruling of July 23, 1991, I remanded this case for a new hearing because I determined that there had been a number of errors in the hearing process. I noted specifically that the ALJ had not applied the rules of evidence uniformly, that the ALJ had made determinations of credibility and weight before hearing the plaintiff's complete testimony and evidence, and that the plaintiff had not been given an adequate opportunity to provide medical and psychological reports from which the ALJ could reach an informed decision. After remand, the plaintiff gave up his right to seek disability insurance in return for a favorable decision on his SSI claim. Thereafter, another ALJ issued a favorable decision on April 27, 1992, but without need of a formal hearing. I entered judgment on the new decision on July 22, 1992, pursuant to plaintiff's motion to affirm the administrative judgment.

The government asserts that plaintiff was not the prevailing party for EAJA purposes. It asserts that plaintiff's concession concerning disability insurance benefits precludes me from judging him a prevailing party. I disagree. To determine whether the plaintiff was the prevailing party, I evaluate the degree of success obtained. *I.N.S. v. Jean,* 496 U.S. 154, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990). A prevailing party must establish actual entitlement to some relief in the merits of the underlying claim. *Myers v. Sullivan,* 916 F.2d 659, 666 (11th Cir.1990). A prevailing party need not prevail on every claim in order to claim a fee award.

Here, plaintiff prevailed on a significant portion of his claims. As a result of the remand, he was able to negotiate a favorable disposition of his claim for SSI benefits. I thus determine that he is a prevailing party for EAJA purposes.

The government next argues that the Secretary's position was substantially justified. As the parties point out, this means it must be "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). The government suggests that the second favorable decision came about because plaintiff introduced new evidence not presented to the first ALJ. It also suggests that the first ALJ fairly interpreted the facts before it in determining that the plaintiff was not disabled. I disagree.

In my ruling of July 22, 1991, I pointed out a number of deficiencies in the first administrative hearing. Chief among these was the ALJ's refusal to treat and hear all the evidence evenly and fairly. That there was "new evidence" introduced at the second hearing is more a testament to the proper application of the rules of evidence than a reflection that plaintiff developed and presented new evidence in anticipation

of the second administrative hearing. I thus conclude that the Secretary's position was not substantially justified and that no other special circumstances exist that would make a fee award unjust.

The government also asks me to limit fees to the base rate of $75 per hour, and not allow any enhancement for cost of living increases. The EAJA explicitly provides for such cost of living increases. I see no reason not to award them in this case.

 The government finally suggests that plaintiff's fee application is untimely in light of *Melkonyan v. Sullivan*, —— U.S. ——, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991). It argues that the thirty day EAJA filing period began to run on July 23, 1991, the date I entered my order of remand. I disagree with the government's position.

The *Melkonyan* Court held that there are only two kinds of remands available under the Social Security Act, "fourth sentence" and "sixth sentence" [1] remands. The thirty day period for filing an EAJA fee application begins, in sentence four cases,

> after the final judgment ("affirming, modifying, or reversing") is entered by the court and the appeal period has run, so that the judgment is no longer appealable. In sentence six cases, the filing period does not begin until after the postremand proceedings are completed, the Secretary returns to court, the court enters a final judgment, and the appeal period runs.

111 S.Ct. at 2165. The court did not specifically address situations where the district court remands but intends to retain jurisdiction over the action pending resolution of the administrative proceedings and entry of final judgment by the district court.

The tenth circuit addressed that issue earlier this year. *Gutierrez v. Sullivan*, 953 F.2d 579 (10th Cir.1992). It construed the Supreme Court's opinions in *Sullivan v. Hudson*, 490 U.S. 877, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989), and *Melkonyan*

as recognizing a subcategory of cases in which the district court makes a fourth sentence remand but intends to retain jurisdiction over the action pending further administrative proceedings and enter a final judgment after those proceedings are completed.

953 F.2d at 584.

This is such a case. I implicitly retained jurisdiction in my order of July 22, 1991. I remanded the case to the Secretary for a new hearing which would fill in the lacunae in the evidence I had earlier noticed. Thus, no final order entered until July 22, 1992. Plaintiff filed his fee application on August 17, 1992. Thus, the fee application was timely and I have jurisdiction to consider it.

I accordingly award attorney fees to the plaintiff in the sum of $4323.00.

---

**1.** The terms refer to the fourth and six sentences of 42 U.S.C. § 405(g).