**Sandra P. PELT, Plaintiff,**

v.

**Jo Anne B. BARNHART,
Commissioner of Social
Security, Defendant.**

No. CIV.A.03–G–3282–S.

United States District Court,
N.D. Alabama,
Southern Division.

Feb. 10, 2005.

record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth,* at 1239 (citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth,* at 1239.

Larry P. Knopf, Gardberg & Knopf, PC, Birmingham, AL, for Plaintiff.

Dennis Williams, Mary Ann Sloan, Social Security Administration–Office of General Counsel, Atlanta, GA, Winfield J. Sinclair, US Attorney's Office, Birmingham, AL, for Defendant.

### MEMORANDUM OPINION

GUIN, District Judge.

The plaintiff, Sandra P. Pelt, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying her application for Social Security Benefits. Plaintiff timely pursued and exhausted the administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

### STANDARD OF REVIEW

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Bloodsworth v. Heckler,* 703 F.2d 1233, 1239 (11th Cir.1983). To that end this court "must scrutinize the

### DISCUSSION

The court has carefully reviewed the record and finds that the decision of the ALJ must be reversed and the action remanded for further development of the record. The ALJ, Jerome L. Munford, initially found the plaintiff not disabled in a hearing decision dated February 2, 1998. The Appeals Council granted review under the substantial evidence and error of law provisions of the regulations. [R 163] The Appeals Council vacated the hearing decision and remanded the case in part because the ALJ did not adequately evaluate the evidence from the plaintiff's treating physician, Dr. Morris. [R 164] On remand ALJ Munford once again found the plaintiff was not disabled in a hearing decision dated January 25, 2002.

Subsequent to the remand by the Appeals Council, the plaintiff was seen consultatively by James M. Abroms in April 2001. The ALJ summarized Dr. Abroms's exam as follows:

> Dr. Abrom's impression was low back pain, carpal tunnel syndrome, depression, and panic attacks. He reported that lumbosacral spine x-rays showed mild to moderate degenerative changes between L3–4 and L4–5. He believed the claimant was most limited by her low back pain and that she did have some limitation.

[R 18] Left out of this summary were Dr. Abrom's finding of a positive SLR.[1] Other

---

1. A positive SLR (Straight Leg Raise test) is recognized by the regulations as a clinically appropriate test for the presence of pain and limitation of motion of the spine. (*See* Listing 1.00(B), ¶ 5)

details of Dr. Abrom's report left out of the ALJ's summary were the following:

Patient had difficulty getting out of a chair and sitting up on the exam table. She walked with a short stride of about 10–12 inches. She could not walk on her heels or toes. After going through all of these maneuvers she said that she was in so much pain that she had to stop and rest. She cried for about 5 minutes. She could squat only 25 percent of normal. She could flex her spine 30 degrees, hyperextend it 0 degrees, and lateral extension of 0 degrees.

[R 167] Dr. Abroms concluded his report: "The patient appears to be most limited by her low back pain. On today's evaluation she did have some limitation. It is unclear how limited she is by her depression." [R 167] In spite of his findings on examination, Dr. Abroms completed a medical source opinion indicating the plaintiff could both walk and stand for one-half hour at a time, and for four hours in an eight-hour day. This essentially means the plaintiff could work on her feet for an entire eight hour day, which seems inconsistent with his physical examination. Dr. Abroms also limited the plaintiff to frequent lifting of 10 pounds and occasional lifting of 15 pounds. The plaintiff was never to lift more than 15 pounds. [R 168]

The plaintiff's treating physician, Dr. Morris, indicated in a letter dated May 22, 1996, that "[c]onsidering the recurrent chronic nature of Ms. Pelt's pain and depression, I feel that those problems would significantly interfere with full time employment in either sedentary or light work." [R 109] Dr. Morris completed a functional capacities form indicating the plaintiff could stand and walk for a total of three hours each in an eight-hour day with rest. [R 110] However, Dr. Morris also indicated the plaintiff would only be able to work part-time for four hours per day. [R 110] Dr. Morris completed a pain questionnaire indicating the plaintiff would suffer pain to such and extent as to be distracting to adequate performance of daily activities or work. [R 111] She indicated that physical activity would increase the plaintiff's pain to such an extent that bed rest or medication would be needed. [R 111]

The plaintiff was examined consultatively by Dr. Prameela Goli on March 25, 1997. Dr. Goli found tenderness at the L5–S1 level upon examination, tenderness in the lumbar area and mild loss of lumbar lordosis. [R 142] SLR was "normal except for complaint of pain in her back at 70 degrees." [R 142] X-ray showed well preserved disc spaces with no evidence of facet joint arthritis. [R 142] Dr. Goli's diagnostic assessment was chronic low back pain, which she felt to be lumbar strain. [R 142]

In his decision after remand, the ALJ found the plaintiff could perform light work with added restrictions. [R 21] Based upon expert vocational testimony, he found she could perform her past relevant work as a spot welder. [R 22] The ALJ's residual functional capacity (RFC) determination found only moderate functional limitations due to pain and depression. [R 21]

■■■ The medical records reveal a long treatment history for lower back pain, depression, and atopic dermatitis/eczema. They also document the presence of carpal tunnel syndrome and left ulnar neuropathy. The records are remarkable in the number of visits for pain and depression over an exceptionally long period of time. In spite of the extensive treatment history for depression, no consultative mental examination was performed. This is especially troublesome in light of Dr. Abrom's opinion that it was unclear how limited she was by her depression. Because of the Commissioner's duty to develop the medical record fully and fairly "it is reversible error for an ALJ not to order a consulta-

tive examination when such an evaluation is necessary for him to make an informed decision." *Holladay v. Bowen*, 848 F.2d 1206, 1209 (11th Cir.1988)(quoting *Reeves v. Heckler*, 734 F.2d 519, 522 n. 1 (11th Cir.1984)) (internal quotation marks omitted). In the present case, a consultative mental evaluation was required for an informed decision because the extensive treatment notes for depression are insufficient to establish the vocational impact of the plaintiff's mental impairment on her ability to work.

Likewise, there are no MRI scans of the plaintiff's lumbar spine in the record, and the x-ray evidence is inconsistent. For example, x-ray scans were interpreted to show "degenerative changes in the lower lumbar spine" in 1988, [R 68] and increased sclerosis at the lumbar facet in 1990 [R 69] but were essentially normal in 1995. [R 108] X-rays on March 25, 1997, showed well preserved disc spaces and no evidence of facet joint arthritis, [R 142] but on April 10, 2001, showed mild to moderate degenerative changes. [R 167] It is unlikely that the degenerative changes noted in 1988, somehow vanished by 1997, only to return in 2001.

The decision of the ALJ is also due to be reversed because he failed to adequately consider the plaintiff's impairments in combination. In fact, his decision seems to indicate that he believed the plaintiff could not be found disabled based upon the combined impact of her impairments. His decision repeatedly notes that no physician had opined that the plaintiff was disabled based upon each of her impairments.

- Back Pain: "[T]reatment records do not indicated that any physician has reported that the claimant would be unable to work at any job due to back pain."[2] [R 19]

- Depression/Anxiety: "No treating or examining physician has ever reported that the claimant would be unable to work due to any mental impairment." [R 20]

- Atopic Dermatitis/Eczema: "[N]o physician has ever reported that the claimant would be unable to perform work activity due to that condition." [R 20]

- Left Ulnar Neuropathy and Carpal Tunnel Syndrome: "[N]o treating or examining physician has reported the claimant has experienced symptoms of either condition such that all work activity would be prevented." [R 20]

- Dizziness: "No treating or examining physician has ever reported that the claimant would be unable to perform all work activity due to that condition." [R 20]

It is clear from his decision that the ALJ failed to consider the plaintiff's impairments in combination. When a claimant has multiple impairments they must be considered in combination.

> [A] claim for social security benefits based on disability may lie even though none of the impairments, considered individually, is disabling. In such instances, it is the duty of the administrative law judge to make specific and well-articulated findings as to the effect of the combination of impairments and to decide whether the combined impairments cause the claimant to be disabled.

*Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir.1984).

For the above reasons the action will be remanded for consideration of the plaintiff's impairments in combination and for proper development of the record. It may be that upon further review by a different fact-finder at the administrative level, benefits may be awarded upon the present

---

2. This statement is not true with respect to full-time work, since Dr. Morris opined the plaintiff would only be able to do part-time work.

record, which is quite extensive. However, should additional proceedings before an ALJ be required, they must be before a different ALJ. ALJ Munford has now twice failed to afford the plaintiff a proper consideration of her claim. The plaintiff is entitled to a fair and prompt consideration of her claim, which she filed almost 10 years ago. Any additional development of the record and hearings shall be expedited to the greatest extent possible.

An appropriate order will be entered contemporaneously herewith.

### FINAL ORDER

In conformity with the memorandum opinion entered contemporaneously herewith, it is

ORDERED, ADJUDGED and DECREED that the decision of the Commissioner of the Social Security Administration be and it hereby is REVERSED, and the case is REMANDED to the Commissioner pursuant to Sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with the memorandum opinion entered contemporaneously herewith. This remand is not pursuant to Sentence six of 42 U.S.C. § 405(g).