Randy L. MCGRAW, Plaintiff,

v.

Jo Anne B. BARNHART, Commissioner, Social Security Administration, Defendant.

No. 02–CV–55–SAJ.

United States District Court, N.D. Oklahoma.

May 17, 2005.

Richmond Jay Brownson, Timothy Morris White, Timothy White & Associates, Tulsa, OK, for Plaintiff.

Jo Anne B Barnhart, Loretta Finiece Radford, United States Attorney's Office (Tulsa), Tulsa, OK, for Defendant.

## ORDER [1]

JOYNER, United States Magistrate Judge.

Currently before the Court is Plaintiff's *Motion to Alter Order Judgment.* This Court previously denied Plaintiff's request for attorneys fees under 42 U.S.C. § 406(b). Following the denial of Plaintiff's fee request, Plaintiff filed a motion requesting the Court reconsider its prior denial of fees. Plaintiff's attorney currently has four § 406(b) fee requests pending before this Court. The Court heard oral argument on each of the four fee requests on April 27, 2005. After considering the arguments presented by Plaintiff's attorney, the authorities submitted by the parties, and the briefs of the parties, the Court **DENIES** Plaintiff's motion to alter order/judgment.

## I. FACTUAL AND PROCEDURAL HISTORY

In each of the four cases currently pending before this Court, Plaintiff signed a "Social Security Case Fee Agreement" ("Fee Agreement") with Plaintiff's current attorney. The Fee Agreement provides for a contingency fee of 25 percent with an alternative hourly rate of $175.00.

Plaintiffs' attorney represented the Plaintiffs during proceedings before the Commissioner, and after each Plaintiff was denied benefits, during the appeal before this Court. In each of the four cases pending before the Court, this Court reversed and remanded Plaintiffs' actions for further proceedings. In each of the four cases, the Court's remand order was entered pursuant to sentence four and did not award benefits to Plaintiff, but did specifically contemplate further proceedings before the Commissioner to determine whether Plaintiff was entitled to benefits. In each of the four cases, after remand, Plaintiff was determined disabled and entitled to benefits.

In each of the four cases, after the decision of the Social Security Commissioner to award benefits, and in some cases more than two years after the entry of a judgment by the District Court for the Plaintiff, Plaintiffs' attorney filed an application for attorneys fees pursuant to § 406(b).[2] Defendant opposes the motion for attorneys fees asserting that Plaintiffs' attorney requests an excessive amount of attorneys

---

1. This Order is entered in accordance with 28 U.S.C. § 636(c) and pursuant to the parties' Consent to Proceed Before United States Magistrate Judge.

2. A more detailed review of the procedural history of each of the four cases is contained in the Court's previous Order denying the application for attorneys fees.

fees.[3] Defendant does not assert that Plaintiffs' attorney is not entitled to an award of § 406(b) fees from the District Court.

## II. DISCUSSION

The Supreme Court has recognized "the prescriptions set out in §§ 406(a) and (b) establish the exclusive regime for obtaining fees for successful representation of Social Security claimants." *Gisbrecht v. Barnhart,* 535 U.S. 789, 800, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002).[4] "The statute deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *Id.* at 1821.

### A. The Statutory Language of § 406(b)

■ As relevant to this case, the specific statutory language of 42 U.S.C. § 406(b)(1)(A) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, *the court may determine and allow as part of its judgment* a reasonable fee for such representation, not in excess of 25 percent of the total of the **past-due benefits to**

which the claimant is entitled *by reason of such judgment,* ...

42 U.S.C. § 406(b) (bold and underline added). The issue presented by the motion presently before the Court is whether the Court may award attorneys fees under § 406(b)(1)(A) when the Court's judgment did not entitle the Plaintiff to past-due benefits, but merely remanded the case to the Commissioner for further proceedings.

The plain language of § 406(b) seems to prohibit attorneys fees in the situation presented by Plaintiff for two reasons. First, because Plaintiff was not entitled to any past-due benefits by reason of the Court's judgment, the statutory language of § 406(b)(1)(A) does not provide for an award of attorneys fees. The language of the statute clearly states that the fees which the Court can award under § 406(b)(1)(A) are tied to the past-due benefits awarded "by reason of" the Court's judgment. In the case presently before the Court, the Commissioner, not the Court, determined that the Plaintiff was entitled to past-due benefits, and the Commissioner's action, not the Court's judgment, awarded the benefits. The Court merely remanded the action for further proceedings, and entered judgment for the Plaintiff.

---

3. In a § 406(b) award attorneys fees paid to a Plaintiff's attorney come from the Plaintiff's past due benefits award. Defendant's objection to the fee request as excessive protects the interests of Plaintiff's client because the amount of the fee award is paid from funds which would otherwise be awarded directly to Plaintiff. *See, e.g., Wells v. Sullivan,* 907 F.2d 367 (2nd Cir.1990) (noting "the anomalous role of the Social Security Administration in first denying benefits to a claimant, and then after losing the case, posing as a protector of the plaintiff, but spending more time and money in order to reduce the fees to be paid to the claimant's attorney."). Because of this rather unique circumstance, the claimant's

interests may not be fully represented in an action before the District Court for § 406(b) fees. The government, which previously opposed the claimant in claimant's request for benefits is forced into the position of representing the interests of the claimant. However, the award of fees is paid from Plaintiff's past due benefits, not from "government funds." The Plaintiff's attorney, who previously represented Plaintiff, is the real "party in interest."

4. Attorneys may seek fees under EAJA, but EAJA fees are not exclusive to Social Security cases and are paid by the government, not the Social Security claimant.

Plaintiff's attorney suggests that the Court's remand judgment is a "favorable" judgment, and that the judgment should therefore be construed as permitting fees under § 406(b)(1). Plaintiff's argument focuses on the first clause of § 406(b)(1) which states "[w]henever a court renders a favorable judgment. . . ." The clause limits the circumstances to which § 406(b)(1) applies to those in which a plaintiff receives a favorable judgment. The Court acknowledges that the judgment in this case is favorable to Plaintiff. The Court entered judgment for the Plaintiff and against the Defendant, and, based upon the judgment, Plaintiff is permitted to request Equal Access to Justice Act ("EAJA" 42 U.S.C. § 2412(d)) fees. The judgment is certainly favorable to Plaintiff. However, the clause which Plaintiff focuses upon is not the only limiting factor in § 406(b)(1). The statutory language is also tied to those circumstances in which past-due benefits are awarded by reason of the Court's judgment. The court judgment which remands for further proceedings does not entitle a claimant to Social Security benefits. A judgment which merely remands the action for further proceedings by the Social Security Administration does not equate to a claimant being entitled to past due benefits "by reason of" the Court's judgment. In this case, the claimant was eventually awarded benefits. However, that award of benefits is too attenuated from the original order of the Court to be considered an award of benefits by reason of this Court's judgment.

Second, the statute provides that the court may determine and allow "as part of its judgment" a reasonable fee for representation. 42 U.S.C. § 406(b). The language of the statute is mirrored in the Code of Federal Regulations. 20 C.F.R. § 404.1728(b) ("If a Federal court in any proceeding under title II of the Act makes a judgment in favor of a claimant who was represented before the court by an attorney, and the court, under section 206(b) of the Act, allows to the attorney as part of its judgment a fee not in excess of 25 percent of the total of past-due benefits to which the claimant is entitled by reason of the judgment. . . .").

In each of the four cases presently before the Court, the Court's judgment remanded the action to the Social Security Administration for additional proceedings. Plaintiff was not, at the time that the judgment was entered, entitled to Social Security benefits, and the judgment contains no statement with respect to attorneys fees. In the § 406(b) cases currently pending before this Court, the motions by Plaintiffs requesting § 406(b) fees were not filed until between one and one-half and two and one-half years *after* the Court's entry of judgment. The Court cannot include, as part of its judgment and order of remand, a finding of a reasonable attorneys fee when the judgment merely remands the action for additional proceedings, and at the time of remand it remains unknown as to whether or not Plaintiff will receive benefits.

Plaintiff's attorney stated, at oral argument before the Court, that nothing in the wording of § 406(b) suggested that the judgment and the award of fees had to be on the same sheet of paper. The statute provides that "the court may determine and allow as part of its judgment a reasonable fee. . . ." 42 U.S.C. § 406(b). The language of the statute mirrors the experience of the Court in entering judgments in attorneys fee cases. In cases in which the Court contemplates entering attorneys fees as part of its judgment, the judgment includes language that attorneys fees may be awarded upon application. In the case of a Social Security remand for further proceedings, a statement in the judgment that attorneys fees may be awarded upon application would be inappropriate be-

cause, at the time of the remand, neither the Court nor the Plaintiff know whether or not benefits may be granted and eventually awarded. Plaintiff's attorney has taken as long as two and one-half years *after* the entry of judgment to file a motion requesting attorneys fees.[5]

### B. Case Law Interpreting the "Plain Language" of the § 406(b)

Some courts have awarded benefits under § 406(b) in cases which were remanded for further proceedings, or in cases in which the court does not discuss whether or not the court's remand was for further proceedings or for a direct entry of benefits. Although courts have made such awards, few courts have discussed the statutory language of § 406(b), and even fewer courts have addressed whether or not the court has the authority to award attorneys fees in cases in which the action was remanded for further proceedings.[6]

Several cases have addressed the specific statutory language in 42 U.S.C. § 406(b)

and concluded that the statute does not permit an award of attorneys fees in an action in which the court remands for further proceedings but does not enter benefits for the claimant.

In *Haley v. Gardner*, 259 F.Supp. 30 (N.D.Okla.1966), the District Court considered a § 406(b)(1) fee application. The court noted that the Court had previously affirmed the decision of the Appeals Council, and that, following an appeal of that decision, the Tenth Circuit Court of Appeals reversed the decision of the District Court with instructions that further hearings be held and additional evidence submitted. *Id.*

Title 42 U.S.C.A. § 406(b)(1) provides that whenever a court renders a judgment favorable to a claimant, who was represented before the Court by an attorney, the Court may determine and allow as part of its judgment a reasonable fee for such representation. The Court further finds that this Court has not rendered a judgment favorable to

---

5. Arguably, the Court could include a statement in the judgment that provides that *if* benefits are eventually awarded, plaintiff's attorney may apply for attorneys fees. This type of reference in the judgment, however, is not in accord with the statutory language of § 406(b). The Court is uncomfortable with the effect of a "conditional grant" of attorneys fees pending further action by an administrative agency.

6. Plaintiff cites the fact that numerous courts have awarded fees under § 406(b) as supportive of Plaintiff's argument that the statute must provide for attorneys fees in cases that are remanded for further proceedings because, Plaintiff theorizes, all of the courts that are awarding fees cannot be incorrect about the entitlement to fees under § 406(b). However, many § 406(b) requests are either agreed to orders with respect to either entitlement to fees or the amount of fees. In fact, in this Court's experience, the party opposing the request for fees has *never* challenged the attorney's entitlement to fees under § 406(b). Because the issue is never challenged by the

parties to the proceeding, the issue may never be considered by the court considering the fee request. This Court knows that it has previously signed agreed to § 406(b) requests without questioning the entitlement to the request and without reviewing the language of the statute. In addition, prior to the Supreme Court's decision in *Gisbrecht*, § 406(b) requests were fairly rare in this jurisdiction. Before *Gisbrecht*, the prevailing law in this Circuit applied the lodestar formula to a fee request, and attorneys rarely submitted a § 406(b) application. At oral argument, Plaintiff's attorney explained that the difference between the amount he received for his EAJA application and the additional amount that he could receive for a § 406(b) application did not justify the amount of time necessary to file the § 406(b) application. *Gisbrecht*, which permitted recognition of the contingency fee agreement, has resulted in an increase in the number of § 406(b) filings because attorneys may be compensated for their work in amounts which can substantially exceed the amount previously awarded under EAJA.

claimant, but that the Appeals Council, on remand, had rendered a judgment favorable to claimant. It is therefore, ordered that the Court declines to pass upon the application for fees.

*Id. at 30.* The *Haley* court focused upon the "judgment favorable to claimant" language. As previously discussed, this Court recognizes that a judgment for plaintiff which remands for further proceedings *is* a judgment favorable to the claimant.

In *Durant v. Chater,* 906 F.Supp. 706 (D.Mass.1995), the Court addressed the issue of § 406(b) fees at the time that the Court reviewed the decision of the Secretary. The Court remanded the action to the Secretary for further proceedings. The Court noted that Plaintiff, as a prevailing party, could recover EAJA fees. *Id.* at 713. With respect to § 406(b) fees, the Court noted that the Social Security Administration cannot grant fees under § 406(b). The Court concluded that it would not award fees under § 406(b).

> The question remains, however, whether this Court has the authority under 42 U.S.C. 406 to award attorneys fees to the plaintiff's attorney for work performed in this court, where there is, as yet, no judgment specifically awarding benefits to the claimant. Although section 406(b) does not speak to this issue, a handful of courts have answered the question in the affirmative. *See Conner v. Gardner,* 381 F.2d 497 (4th Cir.1967) (attorney may be awarded fees for substantial work done before the district court even though any benefits awarded

would have come from an administrative decision); *Vazquez v. Secretary of Health and Human Services,* 608 F.Supp. 346 (D.P.R.1985) (attorneys' fees for services rendered in district court allowable where claimant obtains a remand which ultimately results in award of benefits). The *Vazquez* court reasoned that an attorney has no other way to collect fees upon a remand. Following the Supreme Court decisions in *Melkonyan v. Sullivan,* 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991) and *Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), this situation no longer exists. Therefore in the absence of controlling First Circuit precedent, this Court declines to assume the power in this context of its remand to award attorneys' fees under section 406(b).

*Durant,* 906 F.Supp. at 713.

In *Hoffman v. Chater,* 924 F.Supp. 117 (D.Kan.1996), the District Court relied on *Durant* in denying a motion for fees. The *Hoffman* court cited the § 406(b) statute, and found that "[b]ecause the judgment of this court in this case did not entitle plaintiff to benefits, but merely remanded the case for additional consideration, the court does not believe it should make a fee award under § 406(b)(1)(A)." [7] *Hoffman,* 924 F.Supp. at 119.

In *Elliott v. Gardner,* 279 F.Supp. 875 (N.D.Ohio 1967), the District Court denied a motion for § 406(b) fees following a remand of the action for further proceedings before the Secretary (now Commissioner).

---

**7.** Plaintiff dismisses *Hoffman,* arguing that the *Hoffman* Court merely denied the request for fees as premature. This Court does not read *Hoffman* as denying fees because the request was premature. *Hoffman* does not contain a substantial amount of analysis, but references the statute and concludes that a fee award should not be made under § 406(b). *Hoffman* additionally cites to *Durant v. Cha-*

*ter,* 906 F.Supp. 706 (D.Mass.1995), as support for its decision. The *Hoffman* court has a "see also" reference. The additional cases referenced by the *Hoffman* court denied the fee request without prejudice. The docket sheet for the *Hoffman* action indicates that no additional motions were filed in that case requesting § 406(b) fees.

On remand, the Secretary granted benefits to the claimant. In denying the request for § 406(b) fees, the court observed that "the term 'a judgment favorable to a claimant' refers to a judgment on the merits of the controversy.... [T]he court's previous order remanding the case to the Secretary for the taking of further evidence, entered upon the motion of the claimant, is not a judgment on the merits. Hence, such order does not constitute the rendering of a 'judgment favorable to a claimant,' the essential requirement to justify a judicial allowance of attorney fees." *Id. See also Duke v. Gardner*, 264 F.Supp. 187 (N.D.Ga.1967).

One Court regularly includes language in remands for an entry of benefits to grant the plaintiff's attorney an extension of time within which to file § 406(b) fees. However, in actions remanded for further proceedings, the same Court included no reference to § 406(b). *See Pelt v. Barnhart*, 355 F.Supp.2d 1288 (N.D.Ala.2005) (reversing and remanding for further proceedings with no discussion of attorneys fees or § 406(b)), *as compared with White v. Barnhart*, 340 F.Supp.2d 1283 (N.D.Ala. 2004) (reversing and remanding for an entry of benefits, and providing that claimant's attorney was granted an extension of time of thirty days after receipt of the notice of award of benefits from the Social Security Administration in which to file his application for § 406(b) fees).

In *Duke v. Gardner*, 387 F.2d 336 (5th Cir.1967), the Fifth Circuit Court of Appeals discussed the action of the district court in denying § 406(b) fees. The district court had previously remanded the action at the request of the Defendant for further proceedings. On remand, the claimant was paid his past due benefits. After the remand decision, the claimant moved for entry of summary judgment in favor of claimant and for § 406(b) attorneys fees. The district court denied the

claimant's motion for summary judgment because the agency, not the court, found in favor of the plaintiff.

> Upon remand, an award was made in the plaintiff's favor. Thus no judgment was made by the Court, and therefore Title 42 U.S.C.A. § 406(b)(1) regarding attorney's fees in cases where court action results in a favorable decision for the claimant is not applicable.

*Id.* at 337. The Fifth Circuit Court of Appeals dismissed the appeal because the denial by the district court of a motion for summary judgment is not an appealable decision. *Id.*

Although several courts have denied fees under § 406(b) when a remand for further proceedings was entered by the court, the most extensive discussion of the statutory language of § 406(b)(1) is in a case which granted § 406(b) fees to the plaintiff's attorney. In *Conner v. Gardner*, 381 F.2d 497 (4th Cir.1967), the court construed § 406(b)(1) not long after the enactment of the statute in 1965. In *Connor* the Court considered:

> whether an attorney who represented an allegedly disabled person in seeking review in the District Court of the denial of Social Security benefits by the Secretary of Health, Education and Welfare may be awarded a counsel fee by that court where no judgment has been entered specifically awarding benefits but the case is remanded to the Secretary who, after a hearing on new evidence, awards benefits and an attorney's fee.

*Id.* The Defendant in *Connor* argued that under the provisions of § 406(b)(1), three conditions must be satisfied before the court may award a fee: (1) there must be a judgment; (2) which is favorable to the claimant, and (3) which awards benefits. Under this construction of § 406(b)(1), the court would have no authority to award a fee unless the judgment also awards bene-

fits. *Id.* at 499. However, the *Connor* Court rejected the Defendant's argument. The *Connor* Court reasoned that if the Defendant prevailed there would be a "serious hiatus" in Social Security law because counsel who performed substantial work before the Court which ultimately led to an award of benefits, would only be compensated for work done at the administrative level. If counsel's labors before the court went unrewarded, the Court speculated it "might tend to discourage attorneys from undertaking to represent claimant's in such cases." *Id.* at 500. In concluding that it had the authority to award fees, the *Connor* Court based its decision, in part, on the "intent" of the statute.

> We are of the view that the court may award a fee for substantial work done before the court although the court enters no judgment for specific benefits but, instead, orders a remand to the Secretary who ultimately honors the claim for benefits. While the 1965 amendment is not concerned with the specific situation before us, we conclude that the intent of Congress was broad enough to encompass it. The purpose of this amendment was to provide, within reasonable limits, fees for attorneys rendering services in the District Court. To permit counsel to receive a reasonable fee for such services will not defeat such purpose, but will serve to advance it.

*Id.* at 500. However, even the *Connor* court, which awarded § 406(b) fees in a remand for further proceedings, appears to recognize that the statute does not specifically provide for such an award of fees. Rather, the *Connor* court satisfied itself with the perceived purpose and intent of the statute—to reimburse attorneys for fees for services on social security actions. The policy reason relied upon by the *Connor* court does not currently apply. Attorneys may apply for EAJA fees in actions remanded for further proceedings.

Furthermore, Plaintiff's attorney admitted at oral argument that prior to *Gisbrecht* he rarely filed § 406(b) applications although he represents many claimants in cases before this Court. Plaintiff's attorney explained that prior to *Gisbrecht's* rejection of the lodestar calculation for § 406(b) fees it was simply not worthwhile to file a § 406(b) fee application.

*Connor* is the primary decision relied upon by Plaintiff, and is the main decision referred to by those courts which reference an authority (other than § 406(b)) when granting a § 406(b) application. The undersigned is not persuaded that the *Connor* Court's rationale establishes this Court's authority under present law to award fees under § 406(b)(1) in actions remanded for further proceedings.

Plaintiff string cites several cases which have awarded fees under § 406(b)(1). None of the cases cited by Plaintiff, other than *Connor*, discuss the statutory language of § 406(b) or the issue of whether an attorney is "entitled" to a fee award under § 406(b) in an action remanded for further proceedings. *See, e.g., Hearn v. Barnhart,* 262 F.Supp.2d 1033 (N.D.Cal. 2003) (awarding § 406(b) fees in remand for further proceeding action but not discussing issue of entitlement to fees); *Hayes v. Callahan,* 973 F.Supp. 1290 (D.Kan.1997) (awarding § 406(b) fees but no discussion of entitlement issue); *Cuozzo v. Sullivan, M.D.,* 793 F.Supp. 102 (M.D.Pa1992) (remand for further proceedings; awarding both EAJA and § 406(b) fees after plaintiff was awarded disability benefits); *Goff v. Sullivan,* 739 F.Supp. 494 (D.S.D.1990) (remand for further proceedings; awarding § 406(b) fees with no discussion of entitlement issue); *Claypool v. Barnhart,* 294 F.Supp.2d 829 (S.D.W.Va.2003) (same).

Plaintiff additionally refers the Court to *Kimball v. Shalala,* 826 F.Supp. 573

(D.Maine 1993). The District Court in *Kimball* entered "final judgment" *after* the Social Security Administration awarded benefits. The discussion in the case notes that the District Court approved the decision of the Magistrate Judge and remanded the action to the Commission for further proceedings (docket no. 7). After remand, the Administrative Law Judge found Plaintiff was disabled. The District Court then docketed Plaintiff's "motion for entry of final judgment" (docket no. 13). The District Court entered what it termed a "final judgment" on March 3, 1993 (docket no. 15), which occurred after Plaintiff was awarded benefits following remand. Plaintiff then moved for attorneys fees under EAJA and § 406(b). Although not clear from the discussion of the case, the *Kimball* Court appears to have delayed the entry of its judgment until after the decision by the Secretary on remand.

The method followed by the *Kimball* court, delaying the entry of judgment, appears to have been fairly common practice within the Social Security area prior to the Supreme Court's decision in *Melkonyan.* *See, supra,* at 19—20, discussing *Newsome v. Shalala,* 8 F.3d 775 (11th Cir.1993). *See also Gutierrez v. Sullivan,* 953 F.2d 579 (10th Cir.1992) ("recognizing a subcategory of cases in which the district court makes a fourth sentence remand but intends to retain jurisdiction over the action pending further administrative proceedings and enter a final judgment after those proceedings are completed."). Based on *Melkonyan v. Sullivan,* 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), this Court enters judgment at the time of remand in all sentence four cases.

Plaintiff also refers the Court to *McDannel v. Apfel,* 78 F.Supp.2d 944 (S.D.Iowa 1999). In *McDannel,* the District Court remanded the action for an immediate entry of benefits. The *McDannel* court notes that Plaintiff's counsel evidently did not understand that the action was remanded for an entry of benefits, and later filed a motion for attorneys fees pursuant to § 406(b). "[Plaintiff's attorney's] time to file a claim under 42 U.S.C. § 406(b)(1) has expired. *See* Fed. R. Civ. Proc. 54(d)(2)(B) and LR 54.2." *McDannel* at 950. The *McDannel* court denied the application for fees as untimely.

Plaintiff refers to several courts which have denied an application for § 406(b)(1) fees as premature when an application for § 406(b)(1) fees has been filed after the remand by the district court but prior to an entry of an award of benefits to the claimant. *See, e.g., Connor v. Chater,* 1996 WL 197490 (N.D.Ill.) (application was premature and denied without prejudice to reassertion once Commissioner had calculated benefits), *Robbins v. Barnhart,* 192 F.Supp.2d 1211, 1213 (D.Kan.2002) (application for fees under § 406(b)(1) denied because record did not reflect that Plaintiff had been awarded benefits). However, the Court is not persuaded by these cases that § 406(b)(1) authorizes fees in an action remanded for further proceedings. Similar to the other cases relied upon by Plaintiff's attorney, the cases seem to assume the court's authority to make an award of fees under § 406(b)(1), even though there has not been an award of benefits by reason of the court's judgment. The courts do not specifically address the issue presented to this Court by this case and do not specifically address the statutory language of § 406(b).

## C. Arguments of the Parties for a Broader Interpretation of Section 406(b)

*Limited Case Law Interpreting Specific Language of 406(b)*

Very few cases have addressed the specific statutory language of § 406(b) and

discussed whether or not the Court may award attorneys fees when it remands for further proceedings. Of the cases that have specifically addressed the "entitlement issue" under § 406(b), more cases have concluded that a plaintiff's attorney is not entitled to an award of attorneys fees in a remand for further proceedings. In some of the cases that have concluded that fees are not permissible, the court reasoned, in part, that the remand was not "favorable" to the plaintiff. Since *Melkonyan,* the Court has entered judgment for the plaintiff in each remand for further proceedings. Therefore, the Court discounts some of the cases that base their decision to deny § 406(b) fees solely upon a remand decision not being "in favor" of the plaintiff.

No Tenth Circuit case has addressed the authority to award a fee under § 406(b)(1) when the Court has not awarded benefits. In *Hubbard v. Shalala,* 12 F.3d 946 (10th Cir.1993), decided prior to *Gisbrecht,* the Tenth Circuit addressed § 406(b) fees in the context of a reversal and remand for benefits, *not* in an action reversed and remanded for further proceedings by the Commissioner. *Hubbard,* 12 F.3d at 948.

In *Gisbrecht v. Barnhart,* the Supreme Court granted the writ of certiorari in three of the four cases in which a writ of certiorari was sought. In each of the three cases that the Supreme Court granted the writ of certiorari, the district court had remanded the case for an entry of benefits. *See Gisbrecht v. Barnhart,* 534 U.S. 1039, 122 S.Ct. 612, 151 L.Ed.2d 536 (2001), granting writ of certiorari as to Gary E. Gisbrecht (agreed remand for entry of decision of disabled and calculation of benefits, 2000 WL 3397786), Barbara A.

Miller (reversed and remanded for payment of benefits 2000 WL 33996034), Nancy Sandine (reversed and remanded for payment of benefits 2000 LW 33996056). In the case in which the Supreme Court denied the writ of certiorari, the district court remanded the action for further proceedings. *See Gisbrecht v. Barnhart,* 534 U.S. 1039, 122 S.Ct. 612, 151 L.Ed.2d 536 (2001), Donald L. Andersen (remanded for additional proceedings 2000 WL 33997541).[8] The Court refrains from drawing any far-reaching conclusions from the Supreme Court's decision to deny certiorari in the only action remanded for further proceedings. However, the Court finds nothing in *Gisbrecht* that suggests that *Gisbrecht* requires an award of § 406(b) fees in an action remanded for further proceedings.

*Literal Interpretation of Statute Does Not Produce Absurd Consequence*

Plaintiff asserts that the Court should not literally interpret a statute when the interpretation produces an absurd consequence or results in a flagrant injustice. *See* Plaintiff's Brief at 6. The Court agrees with the underlying premise behind Plaintiff's argument—that absurd consequences and flagrant injustices should be avoided. The Court does not consider the result of the Court's interpretation of the statute as leading to either an absurd result or a flagrant injustice.

The Court discussed the provisions of various attorneys fee statutes and the Social Security regulations at length with Plaintiffs' attorney during oral argument before this Court. In any action in which the court remands the case for further proceedings, the Plaintiff is considered the

---

8. At oral argument, counsel for Plaintiff posited that the only immediate difference they observed in the cases in which writ was granted as compared to the action in which the writ was denied was that the writ of certiorari was granted for those actions in which the district court remanded for an entry of benefits and denied in those in which the district court remanded for additional proceedings.

prevailing party and may be awarded EAJA fees. If the claimant is awarded benefits by the Social Security Administration after the remand, Plaintiff's attorney may apply for § 406(a) fees for work performed before the Social Security Administration.

With respect to fee applications before the Social Security Administration, the statute provides for the lesser amount of either the contingent fee or $4,000, with subsequent regulations increasing the permissible amount to $5,300. 76 FR 2477–01, 2002 WL 58099 (fee agreement limit approved to $5,300 effective February 1, 2002). Although the statute provides a ceiling limit on the amount of the contingency recovery by Plaintiff's attorney before the Agency, the Plaintiff's attorney may petition the agency for an amount in excess of the amount permitted by regulation. *See* 42 U.S.C. § 406(a)(2)(D)(3)(A) (providing that the claimant and the administrative law judge may submit a written request to reduce the maximum fee, and the claimant's representative may submit a written request to increase the maximum fee). At the hearing before the Court, Plaintiff's attorney represented, that the Social Security Administration routinely awards the full $5,300 to Plaintiff's attorney. Although Plaintiff's attorney realizes he can seek an award in excess of the $5,300 limit, he rarely requests such an award.

In a remand for further proceedings action, Plaintiff's attorney is therefore compensated at an hourly rate for his work before the District Court (EAJA). In addition, if the claimant, on remand, is awarded benefits by the Commission, Plaintiff's attorney may apply for § 406(a) fees and be compensated based on his fee agreement. 42 U.S.C. 406(a). According to Plaintiffs' attorney, attorneys are regularly compensated $5,300. An attorney may also file a written request for an

increase of this amount, based upon the contingency agreement. The attorney could, in accordance with the statutes and regulations, be compensated by the Commission for the contingency fee exceeding the $5,300 maximum if the attorney filed for an increased fee. As the Court understands the Plaintiffs' attorney's argument, he prefers to return to Court for his fee because it is easier to file the application in this Court rather than submit a petition to the Commission requesting an increase in the fee.

Plaintiffs' attorney noted in oral argument and in the briefs filed in this court that only six percent of cases in the district courts are currently remanded for an award of benefits. Therefore, interpreting § 406(b) as not applying to actions remanded for further proceedings means that § 406(b) would not apply in the vast majority of actions remanded by this Court. However, because § 406(a) permits an attorney to apply to the agency for an increase in the maximum fee allowed, the Court's interpretation of the statute does not mean that attorneys are denied fees. The Court's interpretation does mean that if the award of benefits occurs at the agency level, the attorney must apply to the agency, rather than the Court, for a fee award. In addition, attorneys may also collect EAJA fees before the District Court.

The Court concludes that the Court's interpretation of the statute does not result in an absurdity or a flagrant injustice. First, attorneys are compensated by EAJA for work performed in the Court, and by the Social Security Administration, if the claimant is awarded benefits. Second, an attorney may apply for an increase in the award by the Social Security Administration. Far from resulting in an absurdity or a flagrant injustice, permitting the Court to award contingent attorneys

fees if it finds Plaintiff disabled, and permitting the Social Security Administration to award contingent fees when it enters the disability award has logical appeal.

*Legislative History of § 406(b) and the Connor Court Holding*

Title 42 U.S.C. § 406 was enacted in 1965, in part, to protect against the possibility of attorneys charging claimants inordinately large fees. *See Burnett v. Heckler,* 756 F.2d 621 (8th Cir.1985); *Cotter v. Bowen,* 879 F.2d 359 (8th Cir.1989); *Burgo v. Harris,* 527 F.Supp. 1157 (E.D.N.Y. 1981); *Mullanix v. Heckler,* 624 F.Supp. 529 (E.D.Ky.1986). The other asserted purpose of the statute was to guarantee that attorneys would receive reasonable compensation in social security cases. *Smith v. Bowen,* 815 F.2d 1152 (7th Cir. 1987).

The *Connor* court, 381 F.2d 497 (4th Cir.1967), is the primary decision relied upon by Plaintiff and is the primary case that is supportive of Plaintiff's position. At the time that § 406(b)(1) was passed by Congress, EAJA did not exist, and the only method of compensation for attorneys representing social security claimants in court was § 406(b)(1). Therefore, *Connor* interprets the statute to encourage representation and provide for fees at the district court level. Because of the current availability of EAJA fees to a claimant's attorney, some of the justifications for the *Connor* court's decision no longer exist.

Part of Plaintiffs' attorney's argument is that the request for § 406(b) fees following remand has occurred in the past, and, therefore, it should continue. The history of EAJA and § 406(b) fees is better understood by viewing the Supreme Court's decision in *Melkonyan.* Prior to *Melkonyan,* remands for further proceedings were not treated as "final orders" or "judgments,"

and the court retained jurisdiction of the pending action.[9] Prior to *Melkonyan,* after the Secretary (now the Commission) entered a decision permitting benefits, the parties returned to Court for entry of a "final judgment." In *Newsome v. Shalala,* 8 F.3d 775 (11th Cir.1993), the Court discussed some of the history of social security orders and judgments prior to *Melkonyan.*

At the time this litigation was initiated, this circuit treated *all* remand orders from a district court to the Secretary as interlocutory orders, not as final judgments. [FN12] This court has explained the then prevailing procedure as follows:

Assuming that the district court remanded the case to the Secretary for further consideration, it was commonly understood that the district court retained jurisdiction over the matter to review the Secretary's actions after remand. This procedure not only had been mandated by several federal courts including this one, but was the accepted view of the Secretary as well. In other words, it was the acknowledged rule in Social Security cases that when a district court vacated the Secretary's final decision and ordered a remand to the Secretary for further proceedings, that order (1) was a nonappealable order (at least in this circuit), (2) did not terminate the district court's jurisdiction over the matter, and (3) was not a final judgment for EAJA purposes.

After conducting additional administrative proceedings, it was commonly accepted that the Secretary would then return to the district court and present its decision along with supporting transcripts and documents to

---

9. At oral argument on this action, counsel for the Plaintiff noted that prior to *Melkonyan,* Plaintiffs attorneys had difficulty collecting EAJA fee applications on actions remanded for further proceedings.

the district court. At that point, the district court would determine whether the Secretary followed its instructions on remand and would then enter judgment affirming, modifying, or reversing the Secretary's decision. It was this order after the proceedings on remand that was the final, appealable decision.

Thus, it was the district court's order after remand and return of the case from the Secretary that was the "final judgment" for purposes of the EAJA; the thirty days from which a claimant could file an application for attorney's fees under the EAJA began to run when this order became "final and not appealable."

The Supreme Court has put to rest what is a final judgment in a Social Security case like the one before us in its cases of *Sullivan v. Finkelstein, Melkonyan v. Sullivan,* and *Shalala v. Schaefer.* If the district court enters a "sentence four" remand order, that judgment is appealable.

*Newsome,* 8 F.3d at 777–78 (footnotes omitted).[10]

Prior to *Melkonyan,* the Secretary's position was that the remand order for further proceedings was a non-appealable interlocutory order. Because the parties returned to the court for entry of a "final judgment" after the Secretary determined that benefits were payable, the court could, at that time, and in accord with the statutory language of § 406(b), enter a judgment and include attorneys fees in the judgment. *Melkonyan,* which held that judgment must be entered at the time of remand, changed that practice. Based on *Melkonyan* and the statutory language of § 406(b), such fees cannot be awarded in an action remanding for further proceedings. The case law described by *Newsome* helps explain how the current method of courts awarding fees in § 406(b) cases developed.

Plaintiff argues that most of the courts in the nation are awarding § 406(b) fees regardless of whether the remand was for an entry of benefits or for further proceedings. Although Plaintiff has referred the Court to several cases, Plaintiff has presented no cases (other than *Conner*) that have discussed the specific issue which this Court is addressing. The Court notes there is no party in this proceeding motivated to argue that the statute does not permit an award of attorneys fees. The only party that has a real interest in asserting that the statute does not permit an award of fees is the claimant, who is not an attorney and is not before the Court. The "plaintiff" in the action currently before the Court is Plaintiff's attorney who is the party requesting the fees. The government, although it frequently opposes the amount of fees that Plaintiff's attorney seeks, is not really a "party in interest" because the actual award of § 406(b) fees comes from Plaintiff's past-due benefits award.[11] There is no one arguing before the Court that presents or represents the

---

10. Several cases within the Tenth Circuit appear to have followed a similar procedure during this time frame. *See Thomas v. Sullivan,* 804 F.Supp. 1363 (D.Col.1992) (remanding for a new hearing in July 1991; ALJ issued favorable decision April 27, 1992; District Court entered "judgment" on July 22, 1992). *See also Gutierrez v. Sullivan,* 953 F.2d 579 (10th Cir.1992) (addressing a district court's remand for further proceedings; the agency entry of an award of benefits; and a subsequent motion by the plaintiff for entry of "final judgment and award of attorney's fees").

11. As discussed by the *Connor* court, the government's position in 1967 was that the statute did not permit an award of fees in the situation presently before the Court. The government does not currently argue this position.

full interest of the claimant. Prior to this case, this Court has signed agreed to § 406(b) fee applications. Because this Court previously entered § 406(b) fee award orders without giving specific consideration to the statutory requirements of § 406(b), the Court is not surprised that other courts enter the same orders.

*Fed. R. Civ. Proc. 54(d)(2) Imposes Fourteen Day Limit on Application for Fees*

Fed. R. Civ. Proc. 54(d) provides that a motion for attorneys fees should be filed within ten days of judgment. Obviously, in actions in which the court remands for further proceedings and it is unknown whether or not Plaintiff will be awarded benefits at the time of remand, a plaintiff's attorney cannot file for attorneys fees within ten days of the judgment. Plaintiffs' attorney represents that further proceedings before the Commissioner may result in one to three years passing before a Plaintiff is granted benefits. Further, even in those actions in which the remand is for a direct entry of benefits, Plaintiffs' attorney stated that the Commission may take as long as one year to calculate Plaintiff's past due benefits. Plaintiffs' attorney stated, at oral argument, that compliance with Fed. R. Civ. Proc. 54(d) would be an absurdity, and that therefore the time limits applicable to attorneys fees applications are not usually followed within the social security area of practice. Plaintiffs' attorney directed the Court to no authority.

Plaintiff suggests that social security actions are a "different animal" and therefore exempt from the typical application of the Federal Rules of Civil Procedure. *Smith v. Bowen,* 815 F.2d 1152 (7th Cir. 1987), supports Plaintiff "different animal" argument. In that case, the district court had found that an application for attorneys fees was untimely. The Seventh Circuit Court of Appeals discussed the various time limits applicable to motions, noting that the local rule had imposed a 90 day time limit on the filing of attorneys fees in civil proceedings.

> This rule, however, does not fit the situation in this case because an attorney petitioning for fees under § 406 will not usually know until after ninety days the amount of fees he will be requesting as a portion of the past-due benefits. Absent a specific statute or rule imposing a time limit, "[i]n this Circuit, a motion to amend the judgment to assess attorneys' fees which raises issues collateral to the merits of the cause of action is governed by rule 54, Federal Rules of Civil Procedure, which 'imposes no time limit apart from an implicit requirement of reasonableness.'" Similarly, a petition for fees under § 406(b)(1) must be brought within a reasonable time. Both parties here agree that the petition was filed within a reasonable time.
>
> In sum, we do not read § 406(b)(1) as requiring a fee award at the time of judgment. Instead, a petition for fees must be filed within a reasonable time and in this case it was.

*Smith* at 1156 (emphasis added, citations omitted). *Smith* is supportive of Plaintiff's argument. However, *Smith* was decided prior to the amendment to Fed. R. Civ. Proc. 54, which imposed a fourteen day time limit, after entry of judgment, for application of attorneys fees. *See also McDannel v. Apfel,* 78 F.Supp.2d 944 (S.D.Iowa 1999) (denying application as untimely pursuant to Fed. R. Civ. Proc. 54(d)(2)); *Shepherd v. Apfel,* 981 F.Supp. 1188 (S.D.Iowa 1997) (noting plaintiff's application for § 406(b) fees as untimely pursuant to Fed. R. Civ. Proc. 54(d)(2)(B), but ruling on attorney fee application based on failure of government to object to motion as untimely).

In each of the four cases presently before the Court, the Plaintiffs' attorney filed an application for attorneys fees between

one and three years after the entry by the Court of a judgment in the action. Obviously if the Court applies the Federal Rules of Civil Procedure, Plaintiff's application for § 406(b) fees is untimely. Plaintiff asserts only that application of the Federal Rules of Civil Procedure would be absurd. The Court has otherwise concluded that the statutory language does not permit the Court to award an attorneys fee in a remand for further benefits proceeding. With respect to future social security actions, in accordance with the § 406(b) statutory language and the Federal Rules of Civil Procedure, this Court believes that the best practice, in entry of a judgment for immediate entry of benefits, would be for the Plaintiff to request and the Court to include in the judgment a statement that attorneys fees may be applied for within a specified time after the determination of Plaintiff's past due benefits by the Commission.[12]

*Defendant's Argument—Policy Purpose to Encourage Attorneys to Represent Claimants*

The Government suggested, at oral argument, that the Court should interpret § 406(b) as permitting attorneys fees in cases in which the court remands for further proceedings because of the need to attract attorneys to the arena of Social Security law. Plaintiffs' attorney noted, in oral argument, that prior to the Supreme Court's decision in *Gisbrecht*, Plaintiff rarely filed for § 406(b) fees. Plaintiff's attorney explained that because the potential for recovery under § 406(b) was not significantly higher than the EAJA fee award, Plaintiff's attorney did not believe that a request for § 406(b) fees was worth

the effort. This Court's experience supports Plaintiff's attorney representation. This Court recalls the number of § 406(b) applications prior to *Gisbrecht* as being insignificant, while after *Gisbrecht* the number of applications significantly increased. Because counsel in this district has evidently been able to adequately represent social security claimants without applying for or receiving § 406(b) fees (prior to *Gisbrecht*), the Court is not persuaded that § 406(b) must be interpreted as suggested by the Government and Plaintiff in order to attract attorneys to this field of law. Plaintiff's attorney has represented claimants for numerous years in this Court, and represents that he did not, prior to *Gisbrecht* file or rely upon § 406(b) fees.

*"Judgment Favorable to Plaintiff" not Sufficient Under Language of § 406*

Plaintiff asserts that because the Court's remand eventually resulted in a favorable award to the Plaintiff at the administrative level, the remand is a "judgment favorable to a claimant," as contemplated by § 406(b)(1), and justifies an award of reasonable attorney fees for work performed before the district court. The Court recognizes that the judgment is "favorable to Plaintiff," but this does not equate to the statutory language of "by reason of such judgment," or "as part of its judgment." Furthermore, none of the cases that the Court has reviewed that discuss this premise for an award of attorneys fees discusses the specific statutory language under § 406(b)(1). The Court is not persuaded by the reasoning of those cases. *See, e.g., Conner v. Gardner*, 381 F.2d 497 (4th Cir.

---

**12.** This procedure is followed by some courts. *See, e.g., White v. Barnhart*, 340 F.Supp.2d 1283 (N.D.Ala.2004) (reversing and remanding action for entry of benefits, with order containing the following language: "It is FURTHER ORDERED that pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, that plaintiff's attorney is hereby GRANTED an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b) until thirty (30) days subsequent to the receipt of a notice of award of benefits from the Social Security Administration.") (emphasis in original).

1967); *Philpott v. Gardner*, 403 F.2d 774 (6th Cir.1968); *Rohrich v. Bowen*, 796 F.2d 1030 (8th Cir.1986); *McGuire v. Sullivan*, 873 F.2d 974 (7th Cir.1989). The decision that Plaintiff is disabled and entitled to benefits, in this case, was made by the Commissioner and not by the Court. The award to the claimant is too attenuated to support an award of statutory fees under the statute which permits an award of attorneys fees when past due benefits are awarded "by reason of such judgment." 42 U.S.C. § 406(b).

*Inherent Authority of the Court*

█ The Court additionally concludes that it lacks the inherent authority to award fees in the present action. Prior to the enactment of § 406(b)(1), the Fifth Circuit found that courts had the inherent authority to order counsel fees within the grant of jurisdiction conferred by 42 U.S.C. § 405(g). *See Celebrezze v. Sparks*, 342 F.2d 286 (5th Cir.1965). The Supreme Court, in *Bowen v. Galbreath*, 485 U.S. 74, 108 S.Ct. 892, 894, 99 L.Ed.2d 68 (1988), observed that Congress essentially codified *Sparks* in enacting § 406(b)(1). The *Sparks* Court ordered payment of benefits and awarded counsel fees in conjunction with the judgment granting benefits. *Sparks*, 342 F.2d at 287. The plain language of § 406(b)(1) provides that a court may award fees when the judgment of the Court directs an award of benefits. Because of the specific statutory authority on the issue, the undersigned concludes that inherent authority does not provide a basis for a fee award in this case because § 406(b)(1) has supplanted the Court's inherent authority.

### III.  CONCLUSION

Some courts have concluded that § 406(b)(1) fees may be awarded when the court's judgment does not grant benefits to the claimant. The Court has reviewed those cases. The majority of the courts which have awarded fees pursuant to § 406(b)(1) have not discussed the § 406(b)(1) statutory language. The Court is not persuaded by either the "sheer number" of courts awarding § 406(b)(1) fees or by the reasoning of those courts which have awarded fees in those limited number of cases in which the court has discussed the statutory authority of § 406(b)(1).

No Tenth Circuit cases address the authority to award a fee under § 406(b)(1) when the Court has not awarded benefits. The Court has reviewed the statutory language of § 406(b)(1), considered the arguments presented by Plaintiff's attorney, and reviewed the numerous cases referenced by Plaintiff's attorney. The Court concludes that, absent a decision by the Tenth Circuit Court of Appeals, under the statutory language of § 406(b)(1), it lacks authority to award § 406(b)(1) fees absent a judgment by the Court that entitles Plaintiff to past-due benefits. The Court therefore denies Plaintiff's motion for attorneys fees based upon the plain language of § 406(b)(1). *See e.g. Durant*, 906 F.Supp. at 713 ("Therefore in the absence of controlling First Circuit precedent, this Court declines to assume the power in this context of its remand to award attorneys' fees under section 406(b).").

Plaintiff's motion to alter order/judgment is **DENIED**.

It is so ordered.