**Edward E. HALEY, Plaintiff,**

v.

**John GARDNER, Secretary of Health, Education and Welfare, Defendant.**

Civ. No. 5899.

United States District Court
N. D. Oklahoma.

Sept. 9, 1966.

Ronald G. Raynolds, Tulsa, Okl., for plaintiff.

Hugh V. Schaefer, Asst. Dist. Atty., Tulsa, Okl., for defendant.

## ORDER

BARROW, Chief Judge.

The Court has for consideration the application of Ronald G. Raynolds for the allowance of attorney fees, and the Court being fully advised in the premises, and upon due consideration of said application finds:

1. That on February 17, 1964, Edward E. Haley filed his complaint with this Court seeking a review of a decision rendered adversely to him by the Appeals Council, Social Security Administration, on December 20, 1963.

2. That on November 13, 1964, this Court entered a judgment sustaining the decision of the Appeals Council.

3. That plaintiff appealed this judgment to the Tenth Circuit Court of Appeals and obtained a reversal of said judgment.

4. On December 3, 1965, this Court entered an order, in conformity with the opinion of the Tenth Circuit Court of Appeals, 351 F.2d 516, remanding this cause to the Secretary of Health, Education and Welfare, directing that further hearings be held and additional evidence taken.

5. On June 21, 1966, The Appeals Council adopted findings of the hearing commission, which commission entered a judgment for the plaintiff and granted him disability benefits.

6. On June 22, 1966, Ronald G. Raynolds filed in this Court his application for attorney fees and seeks attorney fees for work performed both before this Court and the Tenth Circuit Court of Appeals and before the Appeals Council on remand.

7. Title 42 U.S.C.A. § 406(a) provides that the Secretary may, by rule and regulation, prescribe the maximum fees which may be charged for services performed in connection with any claim before the Secretary.

8. Title 42 U.S.C.A. § 406(b)(1) provides that whenever a court renders a judgment favorable to a claimant, who was represented before the Court by an attorney, the Court may determine and allow as part of its judgment a reasonable fee for such representation.

9. The Court further finds that this Court has not rendered a judgment favorable to claimant, but that the Appeals Council, on remand, had rendered a judgment favorable to claimant.

It is, therefore, ordered that the Court declines to pass upon the application for fees.

It is further ordered that this Order of denial does not in any way attempt to foreclose proper and reasonable fees as may be provided by law in situations of this kind.