Ronald D. ROTHER, Plaintiff,

v.

Donna E. SHALALA, Secretary of Health and Human Services, Defendant.

Civ. A. No. 93–4131–DES.

United States District Court, D. Kansas.

Nov. 23, 1994.

Danton C. Hejtmanek, Bryan, Lykins & Hejtmanek, P.A., Topeka, KS, Paul F. McTighe, Jr., Tulsa, OK, for plaintiff.

Jackie A. Rapstine, Office of U.S. Atty., Topeka, KS, for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

### I. INTRODUCTION

This matter is before the court on plaintiff's motion for attorney's fees and court costs under the Equal Access to Justice Act ("EAJA") (Doc. 18). Plaintiff requests $3,294.53 (27.25 hours × $120.90/hour) for attorney's fees and $145.00 for court costs. The Secretary opposes his request.

### II. BACKGROUND

Plaintiff filed an application for Social Security disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq.*, on June 11, 1991. (Record pp. 66–68). He alleged disability due to chondromalacia patella and postural back pain and claimed an onset date of October 16, 1989. *Id.* His application was denied October 17, 1991. (Record pp. 82–84). On October 28, 1991, he filed a Request for Reconsideration. (Record pp. 85–86). The Request for Reconsideration was denied January 17, 1992. (Record pp. 107–109). On January 24, 1992, he filed a Request for Hearing. (Record pp. 110–111). The hearing was held April 23, 1992, before Administrative Law Judge Donald R. Holloway. (Record pp. 39–65). Administrative Law Judge Holloway denied benefits in a decision issued July 29, 1992. (Record pp. 18–27). Plaintiff then filed a Request for Review of Hearing Decision with the Appeals Council of the Social Security Administration. (Record pp. 11–17). The Appeals Council denied his Request for Review April 7, 1993. (Record pp. 4–5). On June 9, 1993, he filed a Complaint against the Secretary with this court. (Doc. 1). He alleged the Secretary's decision was not supported by substantial evidence. *Id.* The Secretary filed her Answer August 20, 1993, denying plaintiff's allegations. (Doc. 9). However, after examining the issues, the record, and the law, the Secretary moved to remand the case for a supplemental hearing and new decision regarding disability. (Docs. 14 & 15). The court remanded the case December 21, 1993. (Doc. 16). On January 19, 1994, plaintiff filed the instant motion for fees and costs under the EAJA. (Doc. 18).

## III. DISCUSSION

The EAJA provides, in pertinent part, as follows:

> a court shall award to a prevailing party other than the United States fees and other expenses, ... incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).[1] The EAJA also provides, in pertinent part, as follows:

> "position of the United States" means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based....

28 U.S.C. § 2412(d)(2)(D).

■ The determination of whether the government's position was substantially justified is within the court's discretion. *Pierce v. Underwood,* 487 U.S. 552, 559, 108 S.Ct. 2541, 2547, 101 L.Ed.2d 490 (1988). "To be 'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness." *Id.* at 566, 108 S.Ct. at 2550. However, "a position can be justified even though it is not correct, and ... can be substantially (*i.e.,* for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Id.* at 566 n. 2, 108 S.Ct. 2550 n. 2. Thus, in the instant case, the Secretary's position was substantially justified if it was " 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *See Id.* at 565, 108 S.Ct. at 2550. The Secretary bears the burden of proving her position was substantially justified. *Gutierrez v. Sullivan,* 953 F.2d 579, 584 (10th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 3064, 125 L.Ed.2d 746 (1993).

■ Prior to the Secretary's motion to remand, the ALJ denied plaintiff's request for benefits, the Appeals Council affirmed the denial, and the Secretary filed an Answer with this court arguing that the findings were supported by substantial evidence.[2] The question before the court is whether a reasonable person could conclude that the Secretary's position, as represented by the ALJ's opinion and the Answer, was correct. *See Moody v. Shalala,* No. 93–4121–SAC, 1994 WL 377051, *2 (D.Kan., Crow); *Austin v. Shalala,* No. 91–1326–FGT, 1994 WL 114845, *2 (D.Kan., Theis); *cf. Gutierrez,* 953 F.2d at 585 (considering the reasonableness of the Secretary's position both in the administrative proceedings and the civil action commenced by plaintiff). Although the court believes the Secretary acted reasonably in seeking remand, and although the court recognizes that the Secretary should not be discouraged to seek remand where she finds it proper, the court concludes, after examining the record and the parties' memoranda, that the Secretary has not shown her position was justified to a degree that could satisfy a reasonable person and, therefore, has not met her burden of proving her position was substantially justified.[3] Specifically, the court finds inadequate the ALJ's analysis of plaintiff's ability to perform sedentary work and unreasonable his conclusions based upon that analysis.

---

1. The parties do not dispute plaintiff is a "prevailing party."

2. In her brief in opposition, the Secretary contends that she "never argued that [her] position was supported by substantial evidence." *Secretary's Memorandum* (Doc. 20), filed February 3, 1994, at p. 2. However, at paragraph four of her Answer, she wrote that "[t]he findings of fact of the Secretary of Health and Human Services are supported by substantial evidence and are conclusive." *Secretary's Answer* (Doc. 9), filed August 20, 1994, at p. 1.

3. The court is mindful that "a lack of substantial evidence on the merits does not necessarily mean that the government's position was not substantially justified." *Hadden v. Bowen,* 851 F.2d 1266, 1269 (1988). Thus, by extension, even assuming the Secretary's Motion to Remand could be construed as an admission that substantial evidence was lacking here, the Motion would not alone support a finding that her position was not substantially justified. The court finds it prudent to emphasize that the decision here does not turn on the Secretary's decision to seek remand, but on her failure otherwise to satisfy her burden of proof.

 The amount of the attorney's fee to be awarded under the EAJA is within the court's discretion. *Pierce,* 487 U.S. at 571, 108 S.Ct. at 2553. The EAJA provides that "attorney fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor ... justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). Plaintiff requests an inflation adjusted rate of $120.90/hour. The court is not required to grant plaintiff's request for a cost of living adjustment to the statutory rate of $75/hour. *Headlee v. Bowen,* 869 F.2d 548, 552 (10th Cir.1989), *cert. denied,* 493 U.S. 979, 110 S.Ct. 507, 107 L.Ed.2d 509 (1989); *Austin,* 1994 WL 114845, *2. The Secretary does not specifically object to the adjustment. The court finds the adjustment appropriate. As to the number of hours claimed by plaintiff's counsel, the Secretary has made no specific objection. The court has reviewed the timesheets submitted by plaintiff's counsel and, with one exception, finds the hours charged reasonable under the circumstances and compensable under the EAJA. Plaintiff claims 1.75 hours for filing the lawsuit. This is excessive. The court reduces this figure by 1.5 hours and the proposed award by $181.35.

 Additionally, plaintiff asks to be reimbursed $145 for costs: $120 for filing fees and $25.00 for the "out-of-state attorney's fee." Filing fees are recoverable under the EAJA. Pursuant to District of Kansas Rule 404(a), as an out-of-state attorney, plaintiff's counsel had to file a motion and affidavit, along with a $25.00 fee, to make an appearance in this case. The court finds the $25.00 fee is appurtenant to both the attorney's fee and the filing fee and recoverable under the EAJA.

## IV. *CONCLUSION*

The court is unpersuaded by the Secretary's argument that her position was substantially justified. Apart from her argument that her position was substantially justified, the Secretary does not specifically contest the figures submitted by plaintiff. The amount of plaintiff's proposed award is reasonable and its components are recoverable under the EAJA.

**IT IS BY THE COURT THEREFORE ORDERED** that plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act and motion for award of court costs (Doc. 18) is granted. Accordingly, plaintiff is awarded $3,113.18 for attorney's fees and $145.00 for costs.