**Stephen D. HOFFMAN, Plaintiff,**

v.

**Shirley S. CHATER, Commissioner of Social Security, Defendant.**

**No. 94–4183–RDR.**

United States District Court,
D. Kansas.

March 29, 1996.

---

**118**

Kelly C. Brown, Kenneth M. Carpenter, J. Richard Showalter, II, Carpenter Chartered, Topeka, KS, for plaintiff.

Melanie D. Caro, Office of United States Attorney, Topeka, KS, for defendants.

### MEMORANDUM AND ORDER

ROGERS, District Judge.

This is a social security appeal which is now before the court upon plaintiff's motions for an award of attorney fees under 42 U.S.C. § 406(b)(1)(A) (the Social Security Act) and 28 U.S.C. § 2412 (the Equal Access to Justice Act or "EAJA"). Doc. Nos. 19 and 20. Three issues are raised by these motions: 1) whether plaintiff is entitled to fees under § 406(b)(1)(A); 2) whether plaintiff is entitled to fees under the EAJA; and 3) if plaintiff is entitled to a fee award, how much should the award be.

Prior to the motions for fees now before the court, this court issued an order entering judgment. This order was issued in accordance with the defendant's motion to remand. The motion to remand was filed several months after defendant filed an answer asking that relief be denied to plaintiff.

The order of remand directed that the administrative decision to deny plaintiff benefits be reversed and that the case be remanded to defendant for further consideration of and specific findings regarding the credibility of plaintiff's testimony and plaintiff's wife's testimony, as well as additional findings addressing evidence from plaintiff's treating physicians. In the parlance of social security cases, the court rendered a "sentence four" remand.

The court denied plaintiff's request that the court direct entry of an award of benefits for plaintiff because the court believed on the record before us that there was a substantial issue as to whether benefits should be awarded. The remand was ordered primarily because, contrary to controlling case law and regulations, the defendant had not correctly considered and analyzed plaintiff's and plaintiff's wife's testimony concerning plaintiff's pain.

*§ 406(b)(1)(A)*

■ This statute provides:

Whenever a court renders a judgment favorable to a claimant under this subchap-

ter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25% of the total of the past due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may ... certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

Because the judgment of this court in this case did not entitle plaintiff to benefits, but merely remanded the case for additional consideration, the court does not believe it should make a fee award under § 406(b)(1)(A). See *Durant v. Chater*, 906 F.Supp. 706, 713 (D.Mass.1995); see also *Ott v. Chater*, 916 F.Supp. 1120 (D.Kan.1996) (denial without prejudice of fee award under § 406(b)(1)(A) following remand of disability benefits appeal for additional findings); *Spicer v. Califano*, 461 F.Supp. 40, 48 (N.D.N.Y. 1978) (same).

*EAJA*

The EAJA requires that a court "award to a prevailing party ... fees and other expenses ... incurred by that party in any civil action ..., brought by or against the United States ... unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). The government has the burden of proving that its position was substantially justified. *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir.1995). "The test for substantial justification in this circuit is one of reasonableness in law and fact." *Id.*

There is no dispute that plaintiff is the prevailing party in this lawsuit. The question remains for the purposes of the EAJA whether defendant's position was substantially justified. The "position" of defendant for purposes of EAJA analysis is not only the position taken in the civil court case, but also the action or inaction "by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D). Therefore, even though defendant ultimately and commendably moved for a remand for further findings, the court must also examine defendant's earlier position when plaintiff's application for benefits

was denied and when the answer to the complaint was filed. See *Koss v. Sullivan*, 982 F.2d 1226 (8th Cir.1993); *Rother v. Shalala*, 869 F.Supp. 899 (D.Kan.1994).

After considering the matter, the court does not believe defendant's position was substantially justified at the agency level or when the answer in this case was filed. The court believes defendant, through the Administrative Law Judge, failed to properly analyze the pain testimony of plaintiff and other persons in spite of well-established authority detailing this obligation. 20 C.F.R. § 404.1529; *Hargis v. Sullivan*, 945 F.2d 1482, 1489 (10th Cir.1991); *Huston v. Bowen*, 838 F.2d 1125 (10th Cir.1988). It was unreasonable to deny plaintiff benefits at the agency level and to ask that this court affirm the denial of benefits without following regulations and established precedent. Failure to follow regulations and well-settled precedent has been considered grounds for finding that the defendant's actions were not substantially justified. *Koss v. Sullivan*, 982 F.2d 1226, 1229 (8th Cir.1993); *Tibbits v. Chater*, Case No. 94–4133–SAC, 1995 WL 783212 (D.Kan. 11/9/95); *Peoples v. Shalala*, Case No. 94–4082–RDR, 1995 WL 462213 (D.Kan. 7/27/95); *Brown v. Shalala*, Case No. 93–4265–RDR, 1995 WL 462212 (D.Kan. 7/26/95); *Austin v. Shalala*, Case No. 91–1326–FGT, 1994 WL 114845, 1994 U.S.Dist. LEXIS 4378 (D.Kan. 4/1/94).

Defendant has suggested that an EAJA award is foreclosed by the court's comment that there was a substantial issue as to whether benefits should be awarded in this case. The court made this comment to justify the court's decision to remand the case for further determination instead of remanding the case for an award of benefits. But, the court cannot make a definitive judgment on the proof for or against an award of benefits for the purposes of the EAJA when the record does not contain a proper evaluation of subjective pain testimony. Nor is the decision to deny benefits justified on an agency level without a proper evaluation of the subjective pain testimony.

The court believes defendant's position at the agency level and in the answer filed

herein lacked substantial justification. Therefore, plaintiff's motion or application for fees under the EAJA shall be granted.

*Amount of fees*

In reply to defendant's objection to the amount of fees requested by plaintiff, plaintiff has admitted that some reductions or deletions in the fee request would be appropriate and that settlement on this matter is possible.

Upon that representation, the court shall direct the parties to confer with an eye toward settling any issue regarding an amount of an EAJA award. An inspection of the orders in *Peoples* and *Brown* may provide some insight into this court's prior practice in this area. The parties shall report to the court their progress on settling the amount of a fee award under the EAJA by April 30, 1996.

**IT IS SO ORDERED.**