**Lisa FAIRCLOTH, Plaintiff,**

v.

**Jo Anne B. BARNHART, Commissioner of the Social Security Administration, Defendant.**

**No. CV 03–597 LCS.**

United States District Court,
D. New Mexico.

Sept. 27, 2005.

---

Gary J. Martone, Albuquerque, NM, for Plaintiff.

Cynthia L. Weisman, Albuquerque, NM, for Defendant.

## ORDER AUTHORIZING ATTORNEY FEES

SMITH, United States Magistrate Judge.

**THIS MATTER** comes before the Court on Plaintiff's Amended Motion for an Order Authorizing Attorney Fees pursuant to 42 U.S.C. § 406(b)(1). (Doc. 24.) Plaintiff's counsel requests attorney fees in the amount of $7,499.65 for 14.6 hours of work associated with the federal litigation of Plaintiff's Social Security disability claim. Plaintiff's counsel previously received $1,927.10 from the United States for legal services in this Court pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). (Doc. 20.)

Pursuant to 28 U.S.C. § 636(c) and Federal Rules of Civil Procedure 73( b), the parties consented to have me serve as the presiding judge and enter final judgment. (*See* Docs. 4, 8.) I find Plaintiff's Amended Motion to be well-taken and will **GRANT** Plaintiff's counsel attorney fees of $7,499.65 under § 406(b). Plaintiff's counsel must refund the $1,927.10 received under EAJA pursuant to the Act of Aug. 5, 1985, Pub.L. 99–80, § 3, 99 Stat. 186.

## I. PROCEDURAL BACKGROUND

Plaintiff filed her application for disability income benefits on June 30, 1998. (Doc. 13 at 1.) The application was denied at all administrative levels, and Plaintiff subsequently filed a complaint in this Court on May 19, 2003. (Doc. 1.) On January 16, 2004, pursuant to an Agreed Motion, the Court reversed and remanded the case back to the Commissioner for further proceedings. (Doc. 15.) On remand, ALJ Johnson found Plaintiff to be disabled, and she was subsequently awarded past-due benefits of $51,198.60.[1] (*See* Doc. 26 at 2.) Plaintiff's counsel requests § 406(b) fees in the amount of $7,499.65. (Doc. 25 at 1.) Together with the § 406(a) fees of $5,300.00 already paid to Plaintiff's counsel, $12,799.65 represents 25% of Ms. Faircloth's past-due benefits award. (*Id.* at 1–2.) The Defendant objects to this amount, asserting that it would amount to a windfall in comparison to the time Plaintiff's counsel spent on the case. (Doc. 26 at 6.) Defendant asks the court to award Plaintiff's counsel $5,264.32, which, together with the § 406(a) fees, would represent 20.6% of Plaintiff's past-due benefits. (*Id.*)

## II. DISCUSSION

■■ The fee agreement between Ms. Faircloth and her attorneys was contingent on the success of the litigation. (*See* Doc. 25 at 3.) 42 U.S.C. § 406(b)(1)(A) permits the Court, as part of its judgment[2], to allow a reasonable fee to the

---

1. Plaintiff's original Motion and Memorandum incorrectly stated that the past-due benefits were $116,540. (Docs.21, 22.) After Defendant contacted Plaintiff concerning the incorrect amount, Plaintiff amended the Motion but again misstated the amount at least once in the Memorandum in Support of the Amended Motion. (Docs. 24, 25 at 3.)

2. I recognize that Plaintiff's claim for attorney fees under § 406(b)(1)(A) may be problematic because the claimant received past-due benefits after a reversal and remand for further proceedings, not after an immediate award of benefits by this Court. *See Emerson v. Barnhart*, No. 03–2362, 2005 WL 1799217 at *1 n.

1 (D.Kan. July 25, 2005). In the thoughtful and thorough opinion of *McGraw v. Barnhart*, Judge Joyner held that an award of past-due benefits to a claimant after a reversal and remand for further proceedings did "not equate to a claimant being entitled to past due benefits 'by reason of' the Court's judgment[,]" as required by § 406(b)(1). 370 F.Supp.2d 1141, 1144 (N.D.Okla.2005). The issue has received limited attention over the years, and *McGraw* presented a concise summary of the relevant case law.

While Defendant objects to the amount of attorney fees Plaintiff requests, neither party addresses the issue explored in *McGraw*;

Plaintiff's counsel, not to exceed 25% of the past-due benefits awarded. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 795, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002); *see also Frazier v. Apfel*, 240 F.3d 1284, 1286 (10th Cir.2001). Section 406(b) was not intended to displace contingency fee agreements in Social Security cases; rather, § "406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Gisbrecht*, 535 U.S. at 809, 122 S.Ct. 1817. This Court may reduce such attorney fees "based on the character of the representation and the results the representative achieved." *Id.* at 808, 122 S.Ct. 1817 (citation omitted). Such a reduction may be in order where the attorney is responsible for delay, where the representation is substandard, or where "the benefits are large in comparison to the amount of time counsel spent on the case ...." *Id.* (citation omitted). A court may require an attorney to submit a record of hours spent on a Social Security case as well as a statement of the attorney's normal hourly billing charge to assist the court in assessing the reasonableness of the attorney's fee. *Id.* (citation omitted). Defendant does not contend, nor do I see any evidence, that Ms. Faircloth's attorneys delayed the proceedings in this matter; rather, the outcome reflects that they provided her with quality representation. Defendant's only assertion is that $7,499.65 is "unreasonable in light of the actual time spent in the case." (Doc. 26 at 3.)

Plaintiff's counsel has the burden to show that it is reasonable to seek $7,499.65 in return for the services rendered to Ms. Faircloth. *Id.* at 807, 122 S.Ct. 1817. Counsel supports its position by noting several factors; I take particular notice of

the arguments regarding time, labor, and skill required; amount involved and results obtained; and experience, reputation, and ability of attorney. (Doc. 25 at 2–4.) Counsel explained that while $7,499.65 for 14.6 hours does translate to a higher than average hourly rate, the attorneys who worked on Ms. Faircloth's case have close to forty years of combined experience in Social Security litigation. (Doc. 25, Aff.) This vast amount of experience and skill decreases the necessary hours these attorneys must expend in an area that is highly repetitive; on the other hand, "one who is not familiar with the applicable statutes and regulations" would inevitably spend much more time working on a case like Ms. Faircloth's. (*Id.* (quoting *Blankenship v. Schweiker*, 676 F.2d 116, 118 (4th Cir.1982)).) The skill of Ms. Faircloth's attorneys also hastened the case through this Court; through their insight and arguments based on the Vocational Expert's background and recommendations (Doc. 13), Defendant submitted an Agreed Motion to Reverse and Remand for further administrative proceedings, rather than an answer disagreeing with Plaintiff's position. (Doc. 14). Ms. Faircloth was ultimately successful. She was awarded $51,198.60 in past-due benefits as well as $605.00 in continued monthly benefits; her contingency fee contract with her attorneys does seem reasonable in light of their skill, the quality of their representation, and the ultimate success of the case.

Ms. Faircloth's $51,198.60 recovery in past-due benefits caps her attorneys' potential fee award under § 406 at $12,799.65 for representation before both the Social Security Administration and this Court. Plaintiff's attorneys have already received

therefore, I decline to consider it in this Order. And while the Tenth Circuit has not spoken to this issue to date, it appears

*McGraw* may be heard on appeal. *See id.*, Doc. 49 (Notice of Appeal to Circuit Court, May 25, 2005).

$5,300.00 [3] in fees authorized by § 406(a).[4] (Doc. 25 at 1.) Accordingly, the maximum fee under § 406(b) I may authorize within the 25% boundary is $7,499.65. The § 406(b) fee will be taken out of Ms. Faircloth's past-due benefits award and will not be paid directly by the Government. *See* 406(b)(1)(A). Defendant references numerous cases in this District in which § 406(b) awards translated to hourly fees ranging from $232.12 to $448.43. (*Id.* at 5 (citations omitted).) Relying on the reasoning in *McBride v. Barnhart,* Defendant concludes that an hourly rate of $360.57 would be more appropriate in this case. (*Id.* at 5–6 (citing No. 02–CV–0027, Doc. 25 (D.N.M. Jan. 6, 2004)).)

I disagree. I compiled data from twenty-eight cases in which courts in the District of New Mexico awarded attorney fees pursuant to 42 U.S.C. § 406.[5] Rather than focusing on the range of hourly fees, I arranged the cases according to the amount of past-due benefits received and noticed an interesting pattern. In almost all cases where claimants received less than $56,000 in past-due benefits, their attorneys received the full 25% fee award.[6] Only when past-due benefits exceeded $56,000 did the percentage of the award start to decrease, in some cases dramatically. The decrease in fees, however, reflected the attorneys' own requests: in all but two cases with past-due benefits above

$56,000, the attorneys themselves asked for less than 25%, oftentimes acknowledging that a greater award would be large in comparison to the time spent on the case. *See, e.g., Ortiz v. Barnhart,* No. 00–CV–1694, Doc. 10 at 2 (D.N.M. Jan. 24, 2003).

Attorneys who represent Social Security claimants primarily work on a contingent fee basis. *See Gisbrecht,* 535 U.S. at 803–04, 122 S.Ct. 1817. As Mr. Martone points out in his Reply brief, representing Social Security claimants entails "a significant risk of loss." (Doc. 27 at 4.) These cases "do not pay well; in fact, they often do not pay at all, and even when they do, the payment is often delayed for months and even years." (*Id.* (quoting *Gruber v. Bowen,* 673 F.Supp. 970, 972 (W.D.Wis.1987)).) A report from the Social Security Advisory Board reveals that a mere 35% of claimants who file at the United States District Court level will obtain benefits. (*See* Doc. 27 at 4, Ex. A.)

Due to the past abusive practices of a few attorneys who charged successful claimants anywhere from one-third to one-half of the accrued benefits awarded, Congress enacted 42 U.S.C. § 406(b) "to protect claimants against inordinately large fees ...." *Id.* at 804–05, 122 S.Ct. 1817 (quotation marks and citation omitted). On the other hand, Congress also recognized that attorneys sometimes need help

---

**3.** Less the $75.00 user fee. (Doc. 25 at 1.)

**4.** Section "406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *Gisbrecht,* 535 U.S. at 794, 122 S.Ct. 1817; *see also* 20 C.F.R. § 404.1728(a) (2001).

**5.** *See* App. 1.

**6.** There were two exceptions to this trend. In the first, Mr. Martone, counsel for the plaintiff, admitted that a full 25% award would be large compared to the 11.5 hours he worked on the case. Thus he requested, and the

Court granted, a § 406(b) fee of $4,600, which, combined with the § 406(a) fee, amounted to 20.6% of the past-due benefits. *See Brown v. Barnhart,* No. 02–CV–359, Docs. 20, 23 (D.N.M. Apr. 7, 2004). In the second, Mr. Martone admitted that a 2.4 month delay should be reflected in a reduction of his § 406(b) fee. Accordingly, he requested, and the court granted, an amount that when added to the § 406(a) fee equaled 23.9% of the past due benefits. *See Garcia v. Barnhart,* No. 97–1160, Docs. 22, 24 (D.N.M. Sept. 18, 2002).

collecting their fees; hence, Congress also sought "to ensure that attorneys representing successful claimants would not risk nonpayment of appropriate fees." *Id.* at 804 n. 13, 805, 122 S.Ct. 1817 (quotation marks, brackets, and citation omitted).

██ After carefully considering the record, the briefs, and the relevant law, I cannot agree with Defendant that $7,449.65 "is so large in comparison to the time expended that a reduction of the fee request is in order." *Justice v. Barnhart,* No. 01–CV–686, Doc. 28 at 3 (D.N.M. May 27, 2004). While 14.6 [7] hours of work does translate to an hourly fee of $510.25, it is within the range of fees awarded by this Court in the past. *See, e.g., Montes v. Barnhart,* No. 01–CV–578 (D.N.M. Dec. 3, 2004) (fees awarded pursuant to § 406(b) translated to $701.75 per hour). Furthermore, when that fee is considered in conjunction with a Social Security lawyer's risk of loss, "an amount that would seem untenable in an hourly rate arena" suddenly becomes more palatable.[8] (Doc. 27 at

4.) I refuse to penalize Ms. Faircloth's attorneys for representing their client more efficiently than a less experienced attorney might. Accordingly, the Court will grant Plaintiff's Amended Motion for Attorney Fees in the amount of $7,449.65.[9]

██ Finally, while an attorney may receive fee awards under both EAJA and § 406(b), the smaller award must be refunded to claimant; therefore, Plaintiff's counsel will be directed to refund $1,927.10 in EAJA fees to the Plaintiff. *See Gisbrecht,* 535 U.S. at 796, 122 S.Ct. 1817.

**WHEREFORE,**

**IT IS ORDERED** that Plaintiff's Amended Motion for Order Authorizing Attorney Fees (Doc. 24) is **GRANTED,** and Plaintiff's counsel is authorized to receive $7,499.65 in attorney fees pursuant to 42 U.S.C. § 406(b) for representation before this Court.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall refund to Plaintiff $4,092.20 in EAJA fees.

---

7. Defendant cites to several cases to support its position that Plaintiff's attorneys may not count hours spent working on the fee petition. (*See* Doc. 31.) Because it would not alter my conclusion in any way, I decline to comment on this issue.

8. In Plaintiff's Reply, the risk of loss is calculated at 35%. (*See* Doc. 27 at 4, n. 6.)

9. "It is well settled that successful counsel retained on a contingent-fee basis is entitled to a larger compensation than if he had con-

ducted the litigation for a fixed fee." *Sincock v. Obara,* 320 F.Supp. 1098, 1102 n. 8 (D.Del. 1970) (citations omitted). Sound public policy favors the freedom to make contingent fee contracts because they provide needed legal assistance to people who would otherwise be unable to afford it. *See* 23 RICHARD A. LORD, WILLISTON ON CONTRACTS § 62:4 (4th ed.2002); Robert H. Aronson, Report, *Attorney–Client Fee Arrangements: Regulation and Review,* FED. JUD. CENTER, at 76–81 (Dec.1980), *available at* 1980 WL 30111.

**APPENDIX 1: ATTORNEY FEE CALCULATIONS**

| Case Number | Past-due Benefits | § 406(a) Fees | § 406(b) Fees | (a) + (b) / past-due benefits = % | Hours worked | (b) / hours worked = $/hour |
|---|---|---|---|---|---|---|
| 02-CV-0951 | $149,320 | $4,000 | $10,000 * | $14,000; 9.4% | 17.7 | $564.97 |
| 02-CV-0492 | $105,761 | $5,300 | $15,000 ** | $20,300; 19.2% | 38.17 | $392.98 |
| 01-CV-0578 | $104,579 | $5,300 | $10,000 * | $15,300; 14.6% | 14.25 | $701.75 |
| 00-CV-0871 | $83,087 | $4,000 | $6,000 * | $10,000; 12.0% | 17.4 | $344.83 |
| 00-CV-1208 | $74,514 | $4,000 | $10,000 ** | $14,000; 18.8% | 22.3 | $448.43 |
| 03-CV-0693 | $74,212.60 | $5,300 | $10,500 *** | $15,800; 21.3% | 25.4 | $413.39 |
| 02-CV-0027 | $74,013 | $4,000 | $5,300.38 *** | $9,300.38; 12.6% | 14.7 | $360.57 |
| 00-CV-1694 | $73,431 | $4,000 | $7,000 * | $11,000; 15% | 16.1 | $434.78 |
| 99-CV-0721 | $64,212 | $5,300 | $7,578 *** | $12,878; 20.1% | 23.9 | $317.07 |
| 03-CV-0501 | $58,598 | $7,000 | $5,029.65 ** | $12,029.65; 20.5% | 17.35 | $289.89 |
| 01-CV-1015 | $57,630 | $4,000 | $6,500 * | $10,500; 18.2% | 14.45 | $449.83 |
| 02-CV-0028 | $55,675 | $5,300 | $8,618.75 | $13,918.75; 25% | 22.1 | $389.99 |
| 02-CV-1023 | $51,468 | $5,300 | $7,567 | $12,867; 25% | 20.1 | $376.47 |
| 00-CV-0039 | $48,341 | $5,300 | $7,085.25 | $12,085.25, 25% | 19.65 | $360.57 |
| 02-CV-359 | $48,015 | $5,300 | $4,600 # | $9,900, 20.6% | 11.5 | $400.00 |
| 01-CV-1245 | $46,488 | $5,300 | $6,322 | $11,622, 25% | 15.0 | $421.47 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 01-CV-0686 | $45,578 | $5,000 | $6,684.50 | $11,684.50; 25.6% | 17.1 | $390.91 |
| 02-CV-0075 | $42,676 | $4,000 | $6,669 | $10,669; 25% | 21.0 | $317.57 |
| 01-CV-1410 | $41,875 | $5,300 | $5,165.25 | $10,465.25; 25% | 17.1 | $302.06 |
| 03-CV-0138 | $40,687 | $5,300 | $4,871.75 | $10,171.75; 25% | 18.75 | $259.83 |
| 01-CV-1391 | $40,492.60 | $5,300 | $4,823.15 | $10,123.15; 25% | 21.75 | $221.75 |
| 02-CV-0217 | $38,969 | $5,300 | $4,442 | $9,742; 25% | 14.4 | $308.47 |
| 01-CV-0794 | $37,897 | $4,000 | $5,474.25 | $9,474.25; 25% | 16.15 | $338.96 |
| 01-CV-1054 | $37,127 | $4,000 | $5,281.75 | $9,281.75; 25% | 18.4 | $287.05 |
| 02-CV-364 | $36,411 | $4,000 | $5,102.75 | $9,102.75; 25% | 34.2 | $149.20 |
| 97-CV-1160 | $32,328 | $4,000 | $3,725.60 ## | $7,725.60; 23.9% | 16.05 | $232.12 |
| 02-CV-1167 | $34,641 | $5,300 | $3,360.25 | $8,660.25; 25% | 17.35 | $193.67 |
| 02-CV-0927 | $32,410 | $5,300 | $2,802.50 | $8,102.50; 25% | 26.35 | $106.36 |

In most cases in which the claimant received more than $56,000 in past-due benefits, the attorney asked for less than the 25% ceiling.

* Attorney admitted 25% would be large in comparison to the time spent on the case and received the reduced § 406(b) requested.

** Attorney asked for and received a reduced § 406(b) fee.

*** Judge gave a smaller § 406(b) fee than requested.

In all but two cases in which the claimant received less than $56,000 in past-due benefits, counsel received the full 25%.

# Attorney admitted that 25% would be large in comparison to the time spent on the case; received the reduced § 406(b) fee requested.

## Attorney admitted that the § 406(b) fee should be reduced because there was a delay of 2.4 months in the proceedings.