Jerry A. BENNETT, Plaintiff,

v.

Jo Anne B. BARNHART, Commissioner, Social Security Administration, Defendant.

No. 03–CV–534–SAJ.

United States District Court,
N.D. Oklahoma.

Nov. 29, 2005.

Cathryn Dawn McClanahan, United States Attorney's Office (Tulsa), Tulsa, Robert Taussig Bowman, Social Security Administration (Dallas), General Counsel, Amy Jeannine Mitchell, Social Security Administration (Dallas), Dallas, TX, for Defendant Social Security Administration Commissioner—Jo Anne B Barnhart.

## ORDER [1]

JOYNER, United States Magistrate Judge.

Currently before the Court is *Plaintiff's Attorney's Motion For an Award of Attorney Fees Under § 406(b)*. [Docket No. 23–1]. The Court has reviewed the briefs of the parties and considered the arguments. Plaintiff's motion for fees is **denied**. [Docket No. 23–1].

Given that a plain reading of the statute prohibits the Court from awarding fees, the Court will not award fees under § 406(b) absent direction from the Tenth Circuit Court of Appeals. The § 406(b) issue is currently on appeal to the Tenth Circuit Court of Appeals in the case of *McGraw v. Barnhart*. In fact, absent the Court's decision to deny fees in *McGraw*, this issue would not reach the appellate court—neither the Plaintiff's attorney nor the Defendant's attorney oppose the award of fees under § 406(b).[2] This Court remains convinced that this issue should be determined by the appellate court.

Steve Alan Troutman, Troutman & Troutman PC, Tulsa, OK, for Plaintiff Jerry A. Bennett.

1. This Order is entered in accordance with 28 U.S.C. § 636(c) and pursuant to the parties' Consent to Proceed Before United States Magistrate Judge.

2. The Court notes that this is a case in which one of the real parties in interest, the Plaintiff, remains unrepresented. The attorneys fees which Plaintiff's attorneys seek to recover under § 406(b) are paid from the Plaintiff's past due benefits award. The government, although generally opposing the amount of fee request, has no monetary interests which are at stake. *See, e.g. Wells v. Sullivan*, 907 F.2d 367 (2nd Cir.1990) (noting "the anomalous role of the Social Security Administration in first denying benefits to a claimant, and then after losing the case, posing as a protector of the plaintiff, but spending more time and money in order to reduce the fees to be paid to the claimant's attorney.") The interests of the party who will lose money, the Plaintiff, are largely unrepresented.

## I. PROCEDURAL AND FACTUAL HISTORY

Plaintiff filed an opening brief in this action on February 9, 2004. On April 8, 2004, Defendant filed an unopposed motion to remand the action to the Social Security Administration. The remand was granted on April 8, 2004, and a final judgment was entered by the Court on April 9, 2004.

On April 15, 2004, Plaintiff applied for Equal Access to Justice Act ("EAJA") fees. [Docket No. 20–1]. By Order dated April 26, 2004, Plaintiff was granted EAJA fees in the amount of $2,840.40.

On September 29, 2005, almost one and one-half years after the judgment in this action was entered, Plaintiff's attorneys filed a motion requesting attorneys fees pursuant to 42 U.S.C. § 406(b). This Court previously considered whether § 406(b) fees could be awarded in an action remanded for further proceedings but *not* for an entry of benefits. This Court concluded, based on the plain wording of the statute, that the Court lacked authority under § 406(b) to award attorneys fees in a sentence four remand for further proceedings. *See McGraw v. Barnhart,* 370 F.Supp.2d 1141 (N.D.Okla.2005). In addition, in this case, Plaintiff's attorneys' application for fees is untimely, coming over one year after the judgment of the Court was entered. *See* Fed. R. Civ. Proc. 54 ("Unless otherwise provided by statute or order of the court, the motion [for attorneys' fees] must be filed no later than 14 days after entry of judgment. . . .").

Plaintiff's attorneys recognize that the Court previously declined a § 406(b) application, but urge the Court to reconsider its prior decision and grant fees.

## II. THE COURT LACKS AUTHORITY TO AWARD ATTORNEYS FEES

■ Title 42 U.S.C. § 406(b)(1)(A) provides:

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow **as part of its judgment** a reasonable fee for such representation, not in excess of 25 percent of the total of the **past-due benefits to which the claimant is entitled by reason of such judgment,** . . .

42 U.S.C. § 406(b) (emphasis added). In concluding that the Court lacks authority to award fees under § 406(b), the Court was persuaded by the language of the statute—"as part of its judgment" and "by reason of such judgment." In *McGraw* the Court held that, in an action in which the Court enters judgment reversing and remanding for further proceedings, but not awarding benefits, that the Court is precluded from awarding § 406(b) fees. *See McGraw v. Barnhart,* 370 F.Supp.2d 1141 (N.D.Okla.2005).

Plaintiff argues that *McGraw* is flawed in its reasoning, leads to perverse and absurd results, and should be overturned. The Court has considered all of the arguments presented by Plaintiff's attorney, and is not persuaded. As the Court previously discussed in *McGraw,* the statutory language simply does not permit an award in this type of case. Furthermore, under Fed. R. Civ. Proc. 54(d), Plaintiff's application is not timely.

The Court has not reached this decision lightly. Based on the clear language of the statute, and following the decision of the Supreme Court of the United States in *Melkonyan,* the Court concludes that it lacks authority to award § 406(b) fees. *McGraw* is currently on appeal to the Tenth Circuit, and, hopefully this issue will soon be decided. However, absent Tenth Circuit authority directing an award of § 406(b) fees, this Court declines to grant such fees when the judgment of the Court

did not award benefits and did not specifically provide for such fees.

## A. History

Plaintiff devotes a substantial portion of Plaintiff's brief to the legislative history of the statute, the history of social security law, and the background of EAJA. This Court previously addressed and considered much of this history in *McGraw.* When § 406(b) was enacted, remands for further proceedings were *not* treated by the courts as "final orders" or "judgments." Courts that remanded a case for further proceedings under sentence four generally retained jurisdiction of the action, and after the Secretary (now the Commission) determined that benefits were owed, the parties returned to Court for entry of a "final judgment." *See McGraw,* 370 F.Supp.2d at 1152—53; *Newsome v. Shalala,* 8 F.3d 775, 777–78 (11th Cir.1993). Therefore, at the time the statute was passed, when a court entered a remand under § 406(b), the court retained jurisdiction, entering the final judgment (which could include attorneys fees in accordance with the statute) only after the parties returned to court.

In *Melkonyan v. Sullivan,* 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), the Supreme Court determined that a sentence four remand is a final judgment. In accordance with *Melkonyan,* this Court enters a judgment *when the Court remands the action to the Commissioner.* Because the judgment is entered at the time of remand, whether or not Plaintiff will ultimately be awarded benefits is unknown. Because the ultimate result of the remand is unknown at the time of judgment, the Court does not include an award of attorneys fees in the remand order. Furthermore, the Court does not retain jurisdiction in actions remanded for further proceedings, and such actions do not remain "open" with the understanding that Plaintiff and Defendant will return to Court to apprise the Court of the underlying proceedings and later enter judgment. Judgment is entered at the time of remand. Time limitations for filing motions for attorneys fees begin running from the date that judgment is entered. The action is finished, closed, and completed in this Court.

Based on *Melkonyan* and subsequent case law, the Court concluded in *McGraw,* that it lacks authority under § 406(b) to award the fees requested by Plaintiff. The fee award must be "part of" the judgment, which is simply not possible in the case presently before the Court because the judgment was entered over one year ago. In addition, the claimant must be entitled to benefits *because* of the judgment.

Plaintiff suggests that the Court's "obtuse reasoning reflect[s] a misapprehension of the case law cited and leads to an absurd and perverse result." *Plaintiff's Brief* at 18. Plaintiff refers to current statistics that indicate that courts remand for benefits in only 6% of the cases. Plaintiff continues, "[i]n so ruling, the Court effectively concludes that, when enacting 406(b) in 1965, Congress intended to make it a crime for an attorney to charge a fee for appellate work performed in the 94%[3] of cases in which the court remands for further proceedings under Sentence Four of 405(g)."[4] *Plaintiff's Brief* at 18. However, Plaintiff misapprehends the Court's

---

3. The statistic in this case which Plaintiff should be offering for comparison is the percentage of remands for entry of benefits at the time the statute was passed, not the current remand for benefits statistic.

4. The Court previously dealt with the "six percent" argument in *McGraw. See McGraw v. Barnhart,* 370 F.Supp.2d at 1151.

discussion in *McGraw*. The Court recognized that, at the time § 406(b) was enacted, the practice in the courts was to retain jurisdiction of the case, entering a final judgment only after the parties returned to court and informed the court that an entry of benefits had been made. Because the courts retained jurisdiction of the case and entered final judgment after the parties returned to court, the statute, at the time it was enacted, would have permitted fees in a remand for further proceedings.[5]

However, in the 1990s, the Supreme Court concluded that the practice of the Courts in retaining jurisdiction was improper because a sentence four remand *is* a judgment. After *Melkonyan*, courts began entering judgments at the time of the sentence four remand. The current practice of entering judgment at the time of the sentence four remand renders the additional entry, within that judgment, for attorneys fees for a party which may or may not be awarded benefits untenable.

The Court additionally recognized, in *McGraw* that a Court could perhaps get around the "as part of its judgment" language by including language in the sentence four judgment which permitted attorneys fees if the claimant was eventually awarded attorneys fees.[6] The Court has expressed reluctance to initiate such a practice absent approval or direction by the Tenth Circuit Court of Appeals. The Court remains convinced that the plain language of the statute, given current case law dictating when a judgment is entered, does not provide for attorneys fees in the situation presently before the Court.

## B. Proximate Cause versus "But For" Cause

Plaintiff suggests that this Court has too narrowly interpreted the statute. Plaintiff focuses upon the language "by reason of" in the statute and notes that the Court could find that the eventual award to the claimant would not have happened "but for" the remand by the Court and therefore the judgment of the Court is a "but for" cause.

The Court has reviewed the cases referenced by Plaintiff, but is not persuaded that those cases support the interpretation urged by Plaintiff. *See also Rose v. Barnhart*, 2005 WL 2276984 (S.D.N.Y. Sept. 19, 2005) ("[W]hen past-due benefits are ultimately obtained, those benefits are 'too attenuated from the original order of the Court to be considered an award of benefits by reason of this Court's judgment. . . .'".) (*citing McGraw*). In addition, Plaintiff ignores the other language in the statute which was persuasive to the Court—the "as part of its judgment" language.

## C. "May" or "May Not"

Plaintiff asserts that § 406(b) provides that a Court "may determine and allow" a reasonable attorney fee "as part of its judgment." Plaintiff focuses on the "may" language and theorizes that the statute provides that a Court may make an award of attorneys fees as part of its judgment, but that nothing precludes the entry of the award at a later time, or that nothing prohibits the entry by the court of an amended judgment. However, the Court

---

**5.** The primary discussion by the courts during this time frame, was whether the remand was "a judgment favorable" to the claimant.

**6.** The Court is not convinced that this meets the dictates of the statute. The statute expressly states that the attorney fee award should be *part of the judgment*. Including

language that is a conditional grant of fees based upon a future contingency does not comply with the statutory language. Furthermore, the statute also contains the language "by reason of such judgment" which provides the additional hurdle that the award of benefits should be because of the Court's judgment.

has already rendered judgment. Plaintiff's suggestion that the Court routinely enter second judgments merely to serve the language of the statute is untenable.

Plaintiff's argument ignores the underlying fact that the Court, absent an authorizing statute, *lacks* authority to award attorney fees. The Court, absent § 406(b), is without fee granting authority. And, in the case of this statute, it provides that the Court *may* award fees in the judgment. Absent the authorizing provisions in the statute, the Court may *not* award fees. Therefore, in accord with the statute, the Court may determine or allow a fee *as part of the judgment.* Absent the Court granting such fees as part of the judgment, the Court otherwise lacks the authority to award such fees.

### D. Section 406(a)

Throughout her brief, Plaintiff suggests that Plaintiff's attorneys are prohibited from collecting fees for work performed in 94% of the cases in the District Court. First, Plaintiff acknowledges that Plaintiff has, in this case, already collected attorneys fees for work performed in this case pursuant to EAJA. Furthermore, Plaintiff ignores the provisions of § 406(a) which provide a mechanism by which Plaintiff's attorneys may seek additional fees from the Commissioner.

With respect to fee applications before the Social Security Administration, the statute provides for the lesser amount of either the contingent fee or $4,000, with subsequent regulations increasing the permissible amount to $5,300. 76 FR 2477–01, 2002 WL 58099 (fee agreement limit approved to $5,300 effective February 1, 2002). Although the statute provides a ceiling limit on the amount of the contingency recovery by Plaintiff's attorney before the Agency, a Plaintiff's attorney may petition the agency for an amount in excess of the amount permitted by regula-

tion. *See* 42 U.S.C. § 406(a)(2)(D)(3)(A) (providing that the claimant and the administrative law judge may submit a written request to reduce the maximum fee, and the claimant's representative may submit a written request to increase the maximum fee).

Therefore, in a remand for further proceedings action, Plaintiff's attorney may be compensated at an hourly rate for his work before the District Court (EAJA) unless Defendant's position was "substantially justified." In addition, if the claimant, on remand, is awarded benefits by the Commission, Plaintiff's attorney may apply for § 406(a) fees and be compensated based on his fee agreement. 42 U.S.C. 406(a). Therefore, if the award of benefits is before the Court, the Court awards the fee, and if the award is by the Commissioner, the Commissioner awards the fee. The Court perceives some benefit in having the tribunal which determined that benefits were owed evaluate the compensation due to the attorney.

### E. Case Law Relied Upon In *McGraw*

Plaintiff suggests that the Court misinterpreted or misapplied the cases upon which the Court relied in *McGraw*. Plaintiff references *Haley v. Gardner,* 259 F.Supp. 30 (N.D.Okla.1966), and *Hoffman v. Chater,* 924 F.Supp. 117 (D.Kan.1996). However, the reasons given by Plaintiff for the Court previously misinterpreting *Haley* and *Hoffman* were *cited by the Court and discussed by the Court in McGraw.*

In *McGraw,* the Court discussed that in *Haley* the court focused upon the "judgment favorable to claimant" language, and therefore discounted the *Haley* court's holding. *See McGraw,* 370 F.Supp.2d at 1146. In addition, the Court previously discussed *Hoffman* and concerns that the § 406(b) application was denied as prema-

ture. Plaintiff ignores this discussion. *See McGraw,* 370 F.Supp.2d at 1146. Regardless, the concerns presented by Plaintiff in Plaintiff's brief were previously considered and addressed by the Court. Plaintiff brings nothing new to the table.

Plaintiff suggests, generally, that the remainder of the authority relied upon by the Court can be discounted in a similar manner. However, as already noted, the Court previously considered the concerns raised by Plaintiff with respect to the two cases referenced by Plaintiff. Furthermore, Plaintiff ignores the holdings and conclusions of several other cases. *See, e.g., Durant v. Chater,* 906 F.Supp. 706 (D.Mass.1995) (declining to award § 406(b) fees after *Melkonyan* ). *See also Rose,* 2005 WL 2276984 (S.D.N.Y. Sept. 19, 2005); *Faircloth v. Barnhart,* 2005 WL 3027692 (D.N.M. Sept. 27, 2005) (recognizing claim under § 406(b) "may be problematic because the claimant received past-due benefits after a reversal and remand for further proceedings...."); *Emerson v. Barnhart,* 2005 WL 1799217 (D.Kan. July 25, 2005) (same). Finally, the primary holding of the Court is premised on the plain language of the statute, following the holding of the Supreme Court in *Melkonyan,* and the resulting interpretation of "judgment."

### F. Court Not Persuaded to Abandon *McGraw*

The Court has reviewed the Plaintiff's brief and arguments. The Court previously considered the numerous issues involving § 406(b) prior to issuing *McGraw.* The Court remains persuaded that § 406(b) simply does not provide for an award of attorneys fees in a remand for further proceedings.

The plain language of § 406(b) prohibits an award in a remand for further proceedings. In *McGraw,* the Court focused on the phrases "as part of its judgment" and "by reason of such judgment." The statute, read as a whole, does not support an award of attorneys fees in an action remanding for further proceedings.

Several courts interpreting the statute after *Melkonyan* have reached the same conclusion as this Court. *See, e.g., Durant v. Chater,* 906 F.Supp. 706 (D.Mass.1995); *Rose v. Barnhart,* 2005 WL 2276984 (S.D.N.Y. Sept. 19, 2005). *See also Hoffman v. Chater,* 924 F.Supp. 117 (D.Kan. 1996).

Nothing in *Gisbrecht v. Barnhart,* 534 U.S. 1039, 122 S.Ct. 612, 151 L.Ed.2d 536 (2001), contradicts the conclusion of the Court in this case. In *Gisbrecht,* the Supreme Court granted the writ of certiorari in three of the four cases in which a writ of certiorari was sought. In each of the three cases that the Supreme Court granted the writ of certiorari, the district court had remanded the case for an entry of benefits. *See Gisbrecht v. Barnhart,* 534 U.S. 1039, 122 S.Ct. 612, 151 L.Ed.2d 536 (2001), granting writ of certiorari as to Gary E. Gisbrecht (agreed remand for entry of decision of disabled and calculation of benefits, 2000 WL 3397786), Barbara A. Miller (reversed and remanded for payment of benefits 2000 WL 33996034), Nancy Sandine (reversed and remanded for payment of benefits 2000 LW 33996056). In the case in which the Supreme Court *denied* the writ of certiorari, the district court remanded the action for further proceedings. *See Gisbrecht v. Barnhart,* 534 U.S. 1039, 122 S.Ct. 612, 151 L.Ed.2d 536 (2001), Donald L. Andersen (remanded for additional proceedings 2000 WL 33997541).

Plaintiff's attorneys are not precluded from collecting fees. Fees are permissible under EAJA and § 406(a).

### III. PLAINTIFF'S APPLICATION IS UNTIMELY

Fed. R. Civ. Proc. 54(d)(2) imposes a fourteen day time limit on an application

for fees. Plaintiff requests that Plaintiff be permitted to file applications for attorneys fees as much as one to three years *after* the Court enters judgment. Absent statutory or court order to the contrary, Fed. R. Civ. Proc. 54(d)(2) imposes a fourteen day time limit on such applications. *See also McDannel v. Apfel,* 78 F.Supp.2d 944 (S.D.Iowa 1999) (denying application as untimely pursuant to Fed. R. Civ. Proc. 54(d)(2)); *Shepherd v. Apfel,* 981 F.Supp. 1188 (S.D.Iowa 1997) (noting plaintiff's application for § 406(b) fees as untimely pursuant to Fed. R. Civ. Proc. 54(d)(2)(B), but ruling on attorney fee application based on failure of government to object to motion as untimely).

Plaintiff's attorney's motion for an award of fees is denied.

It is so ordered.